JAN T. AUNE (SBN 236604)
jaune@aunelaw.com
**THE LAW OFFICE OF JAN T. AUNE**
444 East Huntington Dr., Ste. 325
Arcadia, CA 91006
Tel.:  (626) 461-5742
Fax:  (626) 226-5677

Attorney for Plaintiff
DAVID LILLIE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LILLIE, an individual<br><br>       *Plaintiff*,<br><br>   v.<br><br>MANTECH INT'L., CORP., a Delaware corporation dba, and DOES 1 through 20,<br><br>       *Defendants*. | Case No. 2:17-cv-02538 CAS (SSx)<br><br>**PLAINTIFF DAVID LILLIE'S MEMORANDUM OF CONTENTIONS OF FACTS AND LAW**<br><br>Pre-Trial<br>Conference:  December 3, 2018<br>Time:           11:00 a.m.<br>Courtroom:    8D<br><br>Trial Date:    January 15, 2019<br>FAC Filed:   June 16, 2017 |

      Pursuant to Central District of California, Local Rule 16-4, Plaintiff David Lillie ("Plaintiff" or "Lillie") hereby submits the following Memorandum of Contentions of Fact and Law ("Memorandum").  Plaintiff reserves the right to amend and/or modify this Memorandum based upon any subsequent developments in the case prior to trial.

///

///

- 1 -

## I. PLAINTIFF' CLAIMS (L.R 16-4.1)

Plaintiff First Amended Complaint ("FAC") states three causes of action that Plaintiff has pleaded and plans to pursue.

### A. Plaintiff Has Pleaded And Is Pursuing The Following Claims. (L.R. 16-4.1(a)).

**Count 1**: A civil action by Plaintiff under the "whistleblower protection" provision of the Federal False Claims Act, 31 U.S.C. § 3230(h) ("FCA").

**Count 2**: A civil action by Plaintiff under the "whistleblower protection" provision of the National Defense Authorization Act, 10 U.S.C. § 2409 ("DCWPA").

**Count 3**: A civil action by Plaintiff under the "whistleblower protection" provision under California Labor Code Section 1102.5 ("Lab. C. Section 1102.5").

### B. The Elements Required To Establish The Plaintiff's Claims. (L.R. 16-4.1(b)).

#### (1) Elements Required to Establish Retaliation in violation of the FCA.

##### a. Plaintiff's Prima Facie Case.

To prove an FCA violation claim, a plaintiff must demonstrate three elements: (1) that he engaged in protected activity protected under the statute, (2) that the employer knew that that the plaintiff engage in protected activity, and (3) that the employer discriminated against plaintiff because of his protected activity. 31 U.S.C. §§ 3729(a), 3730(h).

In a FCA retaliation claim "…a plaintiff must show that he or she suspected that the defendant submitted a false claim—not that the defendant actually submitted one. Mendiondo, 521 F.3d 1097 at 1103.

In order to come under the protection of the anti-retaliation provision of the False Claims Act, "[s]pecific awareness of the FCA is not required," but "the plaintiff must be investigating matters which are calculated, or reasonably could lead, to a viable FCA action." Moore v. California Inst. of Tech. Jet Propulsion

Lab., 275 F.3d 838, 845 (9th Cir. 2002).

To establish a claim under FCA retaliation The Moor court further held "…that an employee engages in protected activity where (1) the employee in good faith believes, and (2) a reasonable employee in the same or similar circumstances might believe, that the employer is possibly committing fraud against the government." Moore, 275 F.3d at 845.

A plaintiff must then show that defendant knew of plaintiff's protected activity. The plaintiff must establish that "…the employer must have known that the employee was engaging in such conduct." U.S. ex rel. Hopper v. Anton, 91 F.3d 1261, 1269 (9th Cir. 1996).

In order to prove the defendant retaliated against the plaintiff because of plaintiff's protected activity, plaintiff can show motive by the timing of the defendant's actions. The Valliarimo court held that "…causation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity." Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1065 (9th Cir. 2002)

### b. **Defendant's Non-Retaliatory Reasons for the Adverse Employment Decision.**

Once plaintiff establishes a prima facie case of retaliation, defendant must meet its "…burden by offering admissible evidence sufficient for the trier of fact to conclude that petitioner was fired because of" defendant's stated legitimate reasons. Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 142, 120 S. Ct. 2097, 2106, 147 L. Ed. 2d 105 (2000).

### c. **Plaintiff's Showing of Pretext.**

If defendant establishes a legitimate, non-retaliatory reason for the adverse employment action, then the employee-plaintiff must prove that the defendant's proffered legitimate reason is pretextual. Reeves, 530 U.S. at 143 (citing St. Mary's Honor Ctr. Hicks, 509 U.S. 502, 511 (1993))

///

(2) **Elements Required to Establish Plaintiff's Claim for Retaliation in violation of the DCWPA.**

The elements to establish a claim under the DWCPA are as follows: "in order to establish a *prima facie* case of unlawful retaliation, a whistleblower plaintiff must establish that: (1) he engaged in "protected activity"; (2) his employer knew or was reasonably on notice that he was engaged in protected activity; and (3) his employer took adverse action against him as a result of his protected activity. United States ex rel. Cody v. Mantech Int'l Corp., 207 F. Supp. 3d 610, 621 (E.D. Va. 2016)

(3) **Elements Required to Establish Plaintiff's Claim Retaliation in violation Lab. C. Section 1102.5.**

California Lab. C. Section 1102.5(b) provides in relevant part regarding the elements of a claim of whistleblower retaliation:

> "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

"In a whistleblower retaliation lawsuit brought under Labor Code section former 1102.5, subdivision (b) (hereafter section 1102.5(b)), the plaintiff must establish a prima facie case of retaliation. The plaintiff must show he engaged in protected activity, his employer subjected him to an adverse employment action, and there is a causal link between the two." Hager v. Cty. of Los Angeles (2014), as modified (Aug. 19, 2014), 228 Cal. App. 4th 1538, 1540. Thus, the elements for a Lab. C. Section 1102.5 claim are: (1) Plaintiff must show that he engaged in

- 4 -

protected activity, (2) his employer subjected him to an adverse employment action, and (3) there is a causal link between the two.

The employee needs to have a "…reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties." Lab. C. Section 1102.5(b).

The employee's "reasonable cause to believe" does not require that employee state specific violations of law or regulation for a Lab. C. Section 1102.5. The employee need not prove an actual violation of law; "it suffices if the employer fired him for reporting his "reasonably based suspicions" of illegal activity." Green v. Ralee Eng'g Co. (1998)19 Cal. 4th 66, 87.

If the plaintiff meets his prima facie burden, the defendant has the burden to prove a legitimate, nonretaliatory explanation for its actions. To prevail, the plaintiff then has to show that the explanation is a pretext for the retaliation. Hager v. Cty. of Los Angeles (2014), as modified (Aug. 19, 2014) at 1540.

## II. PLAINTIFF'S KEY EVIDENCE IF SUPPORT OF EACH CLAIM (L.R. 16-4.1(c))

### A. Retaliation in violation of the FCA.

Plaintiff's key evidence in support of his claim for Retaliation in violation of FCA is the following:

1. Plaintiff's testimony regarding all relevant aspects of the case.
2. ManTech employee Erik Berg's relevant testimony.
3. Plaintiff's testimony regarding statements made by California Institute of Technology Jet Propulsion Laboratory ("JPL") employee Linda Facto at the July 31, 2014 "kick-off" meeting ("Kick-Off Meeting") and the impromptu meeting ("Impromptu Meeting") for the JPL Mars InSight Mission ("InSight Mission").

4. Richard Fettig's testimony regarding statements made by Linda Facto at the Kickoff Meeting and Impromptu Meeting.

5. Plaintiff's testimony regarding JPL employees who were present at the Kick-Off Meeting and Impromptu Meeting.

6. Richard Fettig's testimony regarding JPL employees who were present at the Kick-Off Meeting and Impromptu Meeting.

7. August 4, 2014 email from Plaintiff to JPL employee Chau Brown where Plaintiff advises Brown that Plaintiff needs the MathCad files.

8. August 6, 2014 email from Chau Brown to JPL employee Ray Perez, Richard Fettig and Plaintiff. Brown asks Perez for help to get the MachCad files.

9. August 7, 2014 email from Chau Brown to Lockheed Martin employee Wally Chase, Richard Fettig and Plaintiff. Brown asks Chase for the MathCad files.

10. August 7, 2014 email from Lockheed Martin employee Wally Chase to Chau Brown, Richard Fettig, Plaintiff, and a Tim Norick. Chase advises he will not be able to provide the MachCad files.

11. September 1, 2014 email from JPL employee Ernest Fierheller to Plaintiff and Chau Brown. Fierheller advises that he has added the MathCad files for the JUNO HEPS on Teak.

12. Plaintiff's testimony October 7, 2014 testimony regarding Plaintiff notifying JPL Ethics Enforcement department regarding Chau Brown's conduct.

13. October 7, 2014 email exchange between Plaintiff and Chau Brown. Plaintiff inquires whether Linda Facto obtained approval for Plaintiff to use the MathCad files and Brown responds that she doesn't know.

14. October 8, 2014 "manager needs to get involved" email from Plaintiff to Erik Berg. Plaintiff puts Berg on written notice of the MathCad file issue.

15. October 8, 2014 "come see me please" email Erik Berg to Plaintiff.

16. Plaintiff's testimony regarding his interactions with Erick Berg on October 8, 2014.

17. Plaintiff's testimony regarding his communications and/or meetings with JPL employee John Klohoker during September, October, November, and/or December 2014.

18. Plaintiff's testimony regarding his communications and/or meeting with Erik Berg during September, October, November, and/or December 2014.

19. Plaintiff's testimony regarding ManTech's furloughing Plaintiff in 2014.

20. January 15, 2015 email from JPL employee John Klohoker requesting an employee, including Plaintiff, to work on the Rada FMECA issues.

**B.     Retaliation in violation of the DCWPA.**

Plaintiff's key evidence in support of his claim for Retaliation in violation of DCWPA is the same as listed above for Plaintiff claim of Retaliation in violation of the FCA.

**C.     Retaliation in violation of the Lab. C. Section 1102.5.**

Plaintiff's key evidence in support of his claim for Retaliation in violation of Lab. C. Section 1102.5 is the same as listed above for Plaintiff's claim of Retaliation in violation of the FCA and DCWPA.

///
///
///

- 7 -

### III.     ANTICIPATED EVIDENTIARY ISSUES (L.R. 16-4.1(h))

Plaintiff's anticipates evidentiary issues regarding Plaintiff's F.R.C.P. Rule 45 subpoenas for witnesses to appear and testify at trial and/or for documents to be produced at trial which Plaintiff is preparing to serve on third party JPL.

During the discovery period in this matter Plaintiff served two Rule 45 Subpoenas to Produce Documents, Information or Objects on JPL. The first Rule 45 subpoena was served on JPL by email on or about April 19, 2018 in accordance with a written agreement with CalTech's in-house counsel ("JPL Subpoena No. 1"). Plaintiff's second Rule 45 Subpoena to Produce Documents, Information or Objects was served on JPL on or about April 24, 2018 ("JPL Subpoena No. 2").

After Plaintiff served JPL Subpoenas Nos. 1 and 2 Plaintiff's counsel met and conferred with JPL's outside counsel, at that time the Miller Law Group, in accordance with Central District of California L.R. 37-1, regarding JPL producing documents in response to JPL Subpoenas Nos. 1 and 2. The meet and confer process took place from May 2018 to approximately August 28, 2018. The meet and confer process included two (2) in-person meet and confers where Plaintiff's counsel went to the Miller Law Group in person and met with attorney Holly Lake.

On August 29, 2018, JPL sent written correspondence to Plaintiff's counsel that JPL would not be producing any documents in response to Plaintiff's JPL Subpoena's Nos. 1 and 2.

As part of its Trial preparation, and due to the fact JPL refused to produce documents in response to JPL Subpoenas Nos. 1 and 2, on October 24, 2018 Plaintiff's counsel emailed Holly Lake, who is now with the firm of DLA Piper, attorney of record for JPL, CalTech in-house counsel Tina Tran, and ManTech counsel Alison Davis and Jina Lee in order to advise that Plaintiff would be serving Rule 45 subpoenas on JPL to produce witnesses ("Rule 45 Trial Witness Subpoenas") and documents ("Rule 45 Trial Document Production Subpoenas") for the January 15, 2018 trial. On or about October 24, 2018, Plaintiff provided CalTech's in-house counsel with copies of Plaintiff's Witness List and the Parties'

Joint Witness List, both of which were filed in this matter on October 2, 2018. Copies were also sent to Ms. Lake at her Miller Law Group email on October 24, 2018. Plaintiff's counsel has since provided Plaintiff's Witness List and the Parties Joint Exhibit List to Ms. Lake at her new DLA Piper email address.

Plaintiff had originally planned to serve on JPL by November 2, 2018 the Rule 45 Trial Witness Subpoenas and Rule 45 Trial Document Production Subpoenas so the parties could address any evidentiary issues. Plaintiff is currently preparing the Rule 45 Trial Witness Subpoenas and Rule 45 Trial Document Production Subpoenas and should be serving them shortly.

If there are any evidentiary issues, such as JPL putting Plaintiff on notice that it will not be producing witnesses and/or documents at trial in response to Plaintiff's Rule 45 Trial Witness Subpoenas and/or Rule 45 Trial Document Production Subpoenas, Plaintiff will immediately seek Court intervention in order to address the issue(s) so any evidentiary issues regarding witnesses and/or documents can be brought before the Court prior to the January 15, 2019 Trial date.

## IV. **JURY TRIAL (L.R. 16-4.4)**

On June 16, 2017, Plaintiff filed and served his FAC and requested a trial by jury in accordance with F.R.C.P. Rule 38, Right to a Jury Trial; Demand, and Central District of California L. R. 38-1, Jury Trial Demand-Included in Pleading. As a result, this matter will be tried to a jury.

## V. **ATTORNEY'S FEES (L.R. 16-4.5)**

Plaintiff is seeking attorney's fees in this matter. Plaintiff has a right to attorney's fees for his claims under the FCA, DWCPA, and Lab. C. Section 1102.5.

Plaintiff has a right to attonrney's fees for his FCA claim. 31 U.S.C. Section 3730(h)(2) mandates that "[r]elief under paragraph (1) shall include reinstatement with the same seniority status that employee, contractor, or agent would have had but for the discrimination, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the

discrimination, including litigation costs *and reasonable attorneys' fees*. *(Emphasis added).*

Plaintiff has a right to attorney's fees for his DWCPA claim as set out in 10 U.S.C. Section 2409.

Plaintiff has a right to attorney's fees for his Lab. C. Section 1102.5 claim. Lab. C. Section 1102.5 "…allows for the imposition of punitive damages, attorney's fees and costs…" Clemens v. Prot. One, Inc., No. CIV09CV1424L (CAB), 2010 WL 1445173, at 3 (S.D. Cal. Apr. 12, 2010)

## VI. **ABANDONMENT OF ISSUES (L.R. 16-4.6)**

Plaintiff has not abandoned any claims.

November 9, 2018                               Respectfully submitted,

                                                      THE LAW OFFICE OF JAN T. AUNE

                                                      BY:   /s/ Jan T. Aune
                                                            JAN T. AUNE
                                                            Attorney for Plaintiff
                                                            DAVID LILLIE