| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:17-cv-02538-CAS-SSx | Date | December 26, 2018 |
| Title | DAVID LILLIE v. MANTECH INT'L. CORP. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S MOTION IN LIMINE No. 1 TO EXCLUDE EVIDENCE REGARDING PLAINTIFF'S ECONOMIC DAMAGES (Dkt. [75], filed September 24, 2018)

## I. INTRODUCTION AND BACKGROUND

On April 3, 2017, plaintiff David Lillie filed this action against his former employer, defendant ManTech International Corporation ("ManTech"). Plaintiff alleges that defendant wrongfully retaliated against plaintiff by terminating his employment after plaintiff reported that he had received allegedly-unauthorized access to "classified/proprietary" information owned by a third-party government contractor. Specifically, plaintiff alleges claims for (1) retaliation in violation of the False Claims Act ("FCA"), 31 U.S.C. § 3730(h), (2) retaliation in violation of the Defense Contractor Whistleblower Protection Act ("DCWPA"), 10 U.S.C. § 2409, and (3) retaliation in violation of California Labor Code § 1102.5(b) ("Section 1102.5"). Dkt 1.[1]

Defendant filed a motion for summary judgment on August 17, 2018, dkt. 46, which the Court denied on September 24, 2018, dkt. 80. Also on September 24, 2018, defendant filed five motions in limine, along with supporting declarations and exhibits. Dkt. 75 ("MIL 1); Dkt. 76 ("MIL 2"); Dkt. 77 ("MIL 3"); Dkt. 78 ("MIL 4"); Dkt. 79 ("MIL 5"). Plaintiff filed opposition briefs to four of the motions in limine on November 13, 2018. Dkt. 95 ("Opp'n 1"); Dkt. 96 ("Opp'n 2"); Dkt. 97 "(Opp'n 3"); Dkt. 98 ("Opp'n 5").

---

[1] Although plaintiff's complaint initially alleged additional claims of (1) breach of contract, and (2) breach of the implied covenant of good faith and fair dealing, the Court dismissed these claims on August 14, 2017, in response to defendant's motion to dismiss. Dkt. 23.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:17-cv-02538-CAS-SSx | Date | December 26, 2018 |
| Title | DAVID LILLIE v. MANTECH INT'L. CORP. ET AL. | | |

In defendant's motion in limine no. 1, defendant claimed that plaintiff engaged in misconduct during his employment that would have resulted in his termination when plaintiff took and refused to return confidential and proprietary information, in violation of his confidentiality agreements. MIL 1 at 3 (citing Dkt. 47-1, Declaration of Erik Berg ("Berg Decl.")). Accordingly, defendant argued that the after-acquired doctrine limited plaintiff's damages to the date that defendant learned of this alleged misconduct. MIL 1 at 5 (citing McKennon v. Nashville Banner Pub., 513 U.S. 352, 362 (1995)). Defendant specifically alleged that plaintiff engaged in conduct that would have led to his termination because plaintiff took proprietary files belonging to ManTech's client, the Jet Propulsion Laboratory ("JPL"), and refused to return them. MIL 1 at 3.

In his opposition to defendant's motion in limine, plaintiff disputed that he engaged in misconduct that could have led to his termination. While plaintiff admitted that he had retained files that he received from JPL, plaintiff stated that he returned them. Opp'n at 4. In light of these factual disputes, the Court could not conclude whether the after-acquired doctrine properly limited plaintiff's damages on the record before it. The Court accordingly requested supplemental briefing in order to clarify the record regarding what conduct constituted the alleged misconduct, when the alleged misconduct occurred, what confidentiality agreement plaintiff was alleged to have violated, whether such misconduct would have led an employee's termination, and any other facts and/or law relevant to the doctrine. Dkt. 107. On December 17, 2018, defendant filed supplemental briefing, along with accompanying exhibits and declarations. Dkt. 110 ("D. Supp."); Dkt. 111. Plaintiff filed supplemental briefing and supporting exhibits, as well. Dkt. 112 ("P. Supp."); Dkt. 113; Dkt. 114.

## II. DISCUSSION

The supplemental briefing still does not resolve all applicable factual issues. "Under the after-acquired-evidence defense, an employer may avoid 'backpay and other remedies by coming forward with after-acquired evidence of an employee's misconduct . . . if it can prove by a preponderance of the evidence that it would have fired the employee for that misconduct." Mims v. Fed. Express Corp., No. CV 13-03947-AB (SSX), 2015 WL 12711651, at *2 (C.D. Cal. Jan. 15, 2015) (citing O'Day v. McDonnell Douglas Helicopter Co., 79 F.3d 756, 761 (9th Cir. 1996)). The doctrine limits a defendant employer's damages, not liability. McKennon, 513 U.S. at 361. Additionally, for the after-acquired doctrine to apply, an employer must demonstrate "not only that it *could* have fired an employee for the later-discovered misconduct, but that it *would* in fact have done so." O'Day, 79 F.3d at 759 (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:17-cv-02538-CAS-SSx | Date | December 26, 2018 |
|---|---|---|---|
| Title | DAVID LILLIE v. MANTECH INT'L. CORP. ET AL. | | |

Defendant represents that plaintiff signed a Confidentiality, Inventions, and Non-Solicitation Agreement prior to beginning work with ManTech. D. Supp. at 2. Defendant further contends that, in violation of this agreement, plaintiff downloaded emails and documents from his JPL email account after being placed on furlough, "produc[ing] 8,400 JPL Documents, together comprising about 2.7 gigabytes of data and spanning an estimated 225,000 pages of documentation." Id. at 4. Because plaintiff was on furlough at this time, defendant states that plaintiff was not allowed to access this email account, nor download the files. Id. at 3. Per defendant, plaintiff also failed to return these files upon his termination and did not comply with defendant's exit procedures, whereby an employee must certify that he has returned "all ManTech and customer business information (ManTech an customer documents, records, and information)," despite defendant's request. Id. at 4 – 5. Defendant further represented that on April 13, 2015, JPL notified defendant that JPL had learned that plaintiff had taken JPL's confidential information, in violation of plaintiff's non-disclosure agreement; JPL asked that defendant "handle this data breach under its standard protocols." Id. at 5. Defendant thus argues that "plaintiff's foregoing misconduct cannot be clearer evidence of a terminable offense," and accordingly asserts that plaintiff's damages incurred after April 2015 should be excluded at trial, when defendant learned of plaintiff's misconduct. Id. at 8, 10.

Plaintiff still does not dispute downloading his email. However, he now asserts that he downloaded these emails on or about December 10, 2018, at which point he was not yet furloughed.[2] P. Supp. at 4. Plaintiff also argues that defendant "has not produced any evidence indicating that it was a terminable offense for Plaintiff to access and make copies of emails which were not ManTech's property," but that belonged to JPL. Id. at 4 – 5. Plaintiff thus contends that downloading his JPL email, and creating and retaining a CD with JPL's MathCAD files, did not constitute misconduct that would have led to his termination. Id.

In light of these remaining disputes, a jury must make the factual determinations as to (1) whether plaintiff engaged in misconduct that could have led to his termination, and (2) whether the misconduct was so severe that [defendant] would have terminated him. "[That] inquiry focuses on the employer's actual employment practices, not just the

---

[2] The Court notes that during a March 8, 2018 deposition, plaintiff stated that he downloaded the emails "three days before Christmas layoff—or furlough," at which point he continued to have access to his JPL email account despite having his ManTech email account shut down. Dkt. 110, Lillie Deposition at 116 – 117.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-02538-CAS-SSx | Date | December 26, 2018 |
| Title | DAVID LILLIE v. MANTECH INT'L. CORP. ET AL. | | |

standards established in its employee manuals, and reflects a recognition that employers often say they will discharge employees for certain misconduct while in practice they do not." O'Day, 79 F.3d at 759. If the jury finds that plaintiff took property in violation of his confidentiality agreements, and if the jury finds that this conduct would have led to his termination, then the after-acquired doctrine applies. Such a finding would limit plaintiff's damages to the time defendant learned of plaintiff's alleged misconduct, which was April 13, 2015.[3]

## IV. CONCLUSION

In accordance with the foregoing, defendant's motion in limine 1 is **DENIED**.

IT IS SO ORDERED.

| | | 00 | : | 00 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |

---

[3] Plaintiff argues that if the Court finds that the after-acquired doctrine applies, that damages should be excluded after March 2018, which was when, during discovery, defendant learned the full extent of the documents and files that plaintiff downloaded and/or retained. P. Supp. at 7. The Court disagrees with plaintiff's reasoning. Although the gravity of plaintiff's alleged misconduct may have become more clear to defendant in March 2018, it is undisputed that defendant first learned of plaintiff's alleged misconduct in April 2015, because JPL contacted defendant about plaintiff's alleged misconduct. Dkt. 48-1 ("DSUF") No. 80. It was also at that time that defendant alleges that it changed plaintiff's employment status from terminated but eligible for rehire, to "ineligible for rehire." Id. No. 81.