# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL           'O'

| Case No. | 2:17-cv-02538-CAS-SSx | Date | February 15, 2019 |
|---|---|---|---|
| Title | DAVID LILLIE v. MANTECH INT'L. CORP. ET AL. | | |

Present: The Honorable    **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Not Present                                  Not Present

**Proceedings:**    (IN CHAMBERS) - JPL'S EX PARTE APPLICATION TO QUASH TRIAL SUPOENAS AND FOR A PROTECTIVE ORDER (Dkt. [ 129 ], filed February 11, 2019)

## I.    INTRODUCTION & BACKGROUND

On April 3, 2017, plaintiff David Lillie filed this action against his former employer, defendant ManTech International Corporation ("ManTech"). Plaintiff claims that defendant illegally retaliated against plaintiff by terminating his employment after plaintiff reported that he had received allegedly-unauthorized access to "classified/proprietary" information owned by JPL, a third-party government contractor. Plaintiff alleges claims for (1) retaliation in violation of the False Claims Act ("FCA"), 31 U.S.C. § 3730(h), (2) retaliation in violation of the Defense Contractor Whistleblower Protection Act ("DCWPA"), 10 U.S.C. § 2409, and (3) retaliation in violation of California Labor Code § 1102.5(b) ("Section 1102.5"). Dkt 1.[1] On September 24, 2018, the Court denied defendant's motion for summary judgment. Dkt. 80. Trial is currently set for February 19, 2019.

On February 8, 2019, the Court denied plaintiff's motion to add the California Institute of Technology – Jet Propulsion Laboratory ("JPL") as a party in this case. Dkt. 128. That same day, plaintiff served subpoenas for trial on five JPL employees: Chau Brown ("Brown"), Linda Facto ("Facto"), Ernest Fierheller ("Fierheller"), John Klohoker ("Klohoker"), and Lani De Benedictis ("De Benedictis"). On February 11, 2019, JPL

---

[1] Although plaintiff's complaint initially alleged additional claims of (1) breach of contract, and (2) breach of the implied covenant of good faith and fair dealing, the Court dismissed these claims on August 14, 2017, in response to defendant's motion to dismiss. Dkt. 23.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-02538-CAS-SSx | Date | February 15, 2019 |
| Title | DAVID LILLIE v. MANTECH INT'L. CORP. ET AL. | | |

certified itself as an interested party in this case, dkt. 130, and filed an ex parte application to quash the trial subpoenas, on behalf of its employees, dkt. 129 ("EPA"). On February 13, 2019, plaintiff filed an opposition to JPL's ex parte application, dkt. 134 ("Opp'n"), and defendant filed a notice of non-opposition, dkt. 133. Having carefully considered the parties' arguments, the Court rules as follows.

## II. DISCUSSION

### A. JPL's Motion to Quash

Pursuant to Federal Rule of Civil Procedure 45, "on timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45.

"[W]hether a subpoena is burdensome depends on the facts of the case." Green v. Baca, 226 F.R.D. 624, 653–54 (C.D. Cal. 2005), order clarified, No. CV 02-204744 MMM (MANx), 2005 WL 283361 (C.D. Cal. Jan. 31, 2005) (quoting Hussey v. State Farm Lloyds Ins. Co., 216 F.R.D. 591, 596 (E.D.Tex.2003)). "It is the burden of the party seeking to quash the subpoena to demonstrate that the subpoena is unduly burdensome." Anhing Corp. v. Thuan Phong Co. Ltd., No. CV 13-05167 BRO (MANx), 2015 WL 12747605, at *2 (C.D. Cal. Apr. 23, 2015) (citing Goodman v. United States, 369 F.2d 166, 169 (9th Cir. 1966)). "The party issuing the subpoena must demonstrate[, in turn,] that the information sought is relevant and material to the allegations and claims at issue in the proceedings." Green, 226 F.R.D. at 653–54 (citing Night Hawk Ltd. v. Briarpatch Ltd., L.P., No. 03 Civ.1382, 2003 WL 23018833, *8 (S.D.N.Y. Dec. 23, 2003)). In a Rule 45 inquiry, "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs," and a court may quash a subpoena where the court determines that the same evidence could be obtained from a party to the litigation. Amini Innovation Corp. v. McFerran Home Furnishings, Inc., 300 F.R.D. 406, 409–10 (C.D. Cal. 2014). The federal rules do not impose a strict deadline by which a party must serve subpoenas for trial. "Service of subpoenas at least 10 days before the deposition or production is customary, but not mandatory. The provisions of Rule 45 dealing with objections to a subpoena specifically contemplate that less than 14-day service may be proper." Judge Beverly Reid O'Connell et al., Federal Civil Procedure Before Trial, § 11:2277 (2018).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:17-cv-02538-CAS-SSx | Date | February 15, 2019 |
| Title | DAVID LILLIE v. MANTECH INT'L. CORP. ET AL. | | |

JPL moves to quash plaintiff's subpoenas because the burden on JPL outweighs the relevancy of this information. EPA at 8.[2] JPL argues that it cannot adequately prepare its employees in the eleven days before trial begins. It contends that testimony from JPL's employees would be duplicative of testimony that is available from ManTech witnesses or could inquire into highly sensitive contractual information. Id. at 9–11. Finally, JPL calls plaintiff's subpoenas a "fishing expedition for discovery" against a non-party that plaintiff has unsuccessfully attempted to add as a defendant in this case. Id. at 15.

The Court declines to quash plaintiff's subpoenas for trial. As a preliminary matter, plaintiff provided JPL and its employees reasonable time to comply with plaintiff's trial subpoenas. Plaintiff served these subpoenas eleven days in advance of trial. The federal rules contemplate that a trial subpoena may be served fewer than fourteen days in advance, and courts have declined to quash subpoenas where parties provided fewer than eleven days. See, e.g., Fraser v. Wyeth, Inc., 992 F. Supp. 2d 68, 95 (D. Conn. 2014) (denying a motion to quash a trial subpoena which was served on the first day of trial for testimony to occur seven days later). Additionally, JPL admits that, while plaintiff waited to serve the actual trial subpoenas until February 8, 2019, on October 24, 2018, plaintiff notified JPL via email of its intention to serve these subpoenas. EPA at 2; see dkt 129-1, Ex. 1.

The JPL witnesses who were subpoenaed may be able to provide relevant testimony regarding the events in 2014 that allegedly led plaintiff to believe that he had received unauthorized access to proprietary information. Based on the record before the Court, and as plaintiff represents, each of these JPL employees participated in events which allegedly gave rise to plaintiff's retaliation claims against ManTech. Plaintiff worked on an engineering project with Facto, Brown, and Fierheller. See Dkt. 48-1 ("DSUF") No. 46, 48. De Benidictis is the Ethics Office Manager for JPL, and plaintiff allegedly reported his receipt of unauthorized access to proprietary information to this office. Dkt. 50 ("PSSF") No. 36. Klohoker was a JPL Group Supervisor who

---

[2] JPL asserts that it has standing to file this motion to quash plaintiff's subpoenas on behalf of its employees because JPL, as their employer, has a personal right or privilege with respect to the subject matter requested in the subpoena. EPA at 8–9 (citing Sparks v. seltzer, C.A. No. 05-1061, 2006 WL 2358157, *4 (E.D.N.Y. Aug. 14, 2006); In re Grand Jury, 619 F.2d 1022, 1025 (3d Cir. 1980)). Plaintiff does not contest this issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-02538-CAS-SSx | Date | February 15, 2019 |
| Title | DAVID LILLIE v. MANTECH INT'L. CORP. ET AL. | | |

communicated with defendant about the availability of work for ManTech employees, like plaintiff. DSUF No. 38.

On balance, the Court thus finds that the value and relevance of the requested testimonies outweigh the burden to JPL and its employees. Nonetheless, plaintiff has expressed an intention to sue JPL. Accordingly, to address JPL's concerns that plaintiff seeks to misuse the trial subpoena in an attempt to seek discovery for a putative claim against JPL, the Court will not permit plaintiff to solicit testimony on events unrelated to his operative claims against defendant. The Court also will not permit cumulative testimony. Additionally, counsel for JPL may be present at trial and may raise objections, where appropriate, on grounds of privilege.

### B.     JPL's Request for a Protective Order

JPL also moves this Court, under Federal Rule of Civil Procedure 26, to issue a protective order that "forbids plaintiff from inquiring into irrelevant or privileged matters, or trade secret or conditional information from [JPL] employees." EPA at 16. Pursuant to Rule 26, a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," arising out of a discovery request. Fed. R. Civ. P. 26(c).

JPL appears to argue that Rule 26 should apply to limit plaintiff's trial subpoenas because plaintiff is "essentially using the trial subpoena as a Rule 45 pretrial discovery subpoena." EPA at 16. However, JPL cites no authority for its claim that Rule 26 is applicable in these circumstances. Additionally, even assuming that Rule 26 applied to these trial subpoenas, the Court would not issue a protective order for the same reasons that the Court declines to quash plaintiff's subpoenas under Rule 45.

/ / /

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  **'O'**

| Case No. | 2:17-cv-02538-CAS-SSx | Date | February 15, 2019 |
|---|---|---|---|
| Title | DAVID LILLIE v. MANTECH INT'L. CORP. ET AL. | | |

## III. CONCLUSION

For the foregoing reasons, JPL's ex parte application to quash plaintiff's trial subpoenas is **DENIED**. JPL's request for a protective order is also **DENIED**.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |