**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID LILLIE,<br><br>               Plaintiff,<br><br>v.<br><br>MANTECH INT'L. CORP., et al.,<br><br>               Defendants. | Case No.  2:17-CV-02538-CAS-SSx<br><br>**JURY INSTRUCTIONS** |

DATED:  February 26, 2019

_Christine a. Snyder_

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

1.

**JURY INSTRUCTION NO. 1**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**JURY INSTRUCTION NO. 2**
**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

David Lillie asserts three claims against ManTech.  He alleges that he was furloughed and terminated in violation of: (1) the anti-retaliation provisions of the federal False Claims Act; (2) the Defense Contractor Whistleblower Protection Act; and (3) the California Labor Code section 1102.5.  Mr. Lillie has the burden of proving these claims.

ManTech denies those claims and alleges that Mr. Lillie was furloughed and his employment was terminated for lawful reasons. Additionally, ManTech asserts that Mr. Lillie's furloughs and termination of employment with ManTech would have occurred regardless of any protected activity due to business conditions.  ManTech has also asserted affirmative defenses to Mr. Lillie's claims, including that even if business conditions did not warrant Mr. Lillie's furlough and termination, ManTech later discovered information about Mr. Lillie that would have constituted separate grounds for his termination had it been known at or before the time of his furlough and termination, and also that Mr. Lillie failed to make an effort to minimize any harm which his furlough and termination may have caused.  ManTech has the burden of proving its affirmative defenses.

**JURY INSTRUCTION NO. 3**
**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

4.

**JURY INSTRUCTION NO. 4**
**BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true.

This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

# JURY INSTRUCTION NO. 5
## BIAS

Each one of us has biases about or certain perceptions or stereotypes of other people. We may be aware of some of our biases, though we may not share them with others. We may not be fully aware of some of our other biases.

Our biases often affect how we act, favorably or unfavorably, toward someone. Bias can affect our thoughts, how we remember, what we see and hear, whom we believe or disbelieve, and how we make important decisions.

As jurors you are being asked to make very important decisions in this case. You must not let bias, prejudice, or public opinion influence your decision. You must not be biased in favor of or against any party or witness because of his or her disability, gender, race, religion, ethnicity, sexual orientation, age, national origin, or socioeconomic status.

Your verdict must be based solely on the evidence presented. You must carefully evaluate the evidence and resist any urge to reach a verdict that is influenced by bias for or against any party or witness.

**JURY INSTRUCTION NO. 6**
**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.     the sworn testimony of any witness;

2.     the exhibits that are admitted into evidence;

3.     any facts to which the lawyers have agreed; and

4.     any facts that I have instructed you to accept as proved.

**JURY INSTRUCTION NO. 7**
**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**JURY INSTRUCTION NO. 8**
**EVIDENCE FOR LIMITED PURPOSE**


Some evidence may be admitted only for a limited purpose.


When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

9.

**JURY INSTRUCTION NO. 9**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

10.

**JURY INSTRUCTION NO. 10**
**PARTY HAVING POWER TO PRODUCE BETTER EVIDENCE**

You may consider the ability of each party to provide evidence. If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

**JURY INSTRUCTION NO. 11**
**FAILURE TO EXPLAIN OR DENY EVIDENCE**

If a party failed to explain or deny evidence against him/it when he/it could reasonably be expected to have done so based on what he/it knew, you may consider his/its failure to explain or deny in evaluating that evidence.

It is up to you to decide the meaning and importance of the failure to explain or deny evidence against the party.

12.

**JURY INSTRUCTION NO. 12**
**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

### JURY INSTRUCTION NO. 13
### CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.     the opportunity and ability of the witness to see or hear or know the things testified to;

2.     the witness's memory;

3.     the witness's manner while testifying;

4.     the witness's interest in the outcome of the case, if any;

5.     the witness's bias or prejudice, if any;

6.     whether other evidence contradicted the witness's testimony;

7.     the reasonableness of the witness's testimony in light of all the evidence; and

8.     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number

of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**JURY INSTRUCTION NO. 14**
**CONDUCT OF THE JURY**

I previously said a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and

16.

report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

JURY INSTRUCTIONS

## JURY INSTRUCTION NO. 15
## NO TRANSCRIPT AVAILABLE TO JURY

I previously advised you to pay close attention to the trial testimony as it is given. During deliberations, you will not have a transcript of the trial testimony.

19.

**JURY INSTRUCTION NO. 16**
**TAKING NOTES**


If you wished, you were able to take notes to help you remember the evidence. If you took notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you took notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

20.

**JURY INSTRUCTION NO. 17**
**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may have become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## JURY INSTRUCTION NO. 18
## OUTLINE OF TRIAL

Trial proceeded in the following way: First, each side made an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff then presented evidence, and counsel for the defendant cross-examined. Then the defendant presented evidence, and counsel for the plaintiff cross-examined.

After the evidence was presented, I instructed you on the law that applies to the case and the attorneys made closing arguments. Now, you will go to the jury room to deliberate on your verdict.

**JURY INSTRUCTION NO. 19**
**STIPULATIONS OF FACT**


The parties have agreed to certain facts to be placed in evidence as Exhibit 145. You must therefore treat these facts as having been proved.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 20**
**IMPEACHMENT EVIDENCE – WITNESS**


The evidence that a witness has lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**JURY INSTRUCTION NO. 21**
**EXPERT OPINION**

You have heard testimony from Dr. Mark Kalish who testified to opinions and the reasons for his opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

JURY INSTRUCTIONS

**JURY INSTRUCTION NO. 22**
**OPINION TESTIMONY OF LAY WITNESS**


A witness who was not testifying as an expert gave an opinion during the trial. You may, but are not required to, accept that opinion. You may give the opinion whatever weight you think is appropriate.

Consider the extent of the witness's opportunity to perceive the matters on which the opinion is based, the reasons the witness gave for the opinion, and the facts or information on which the witness relied in forming that opinion. You must decide whether information on which the witness relied was true and accurate. You may disregard all or any part of an opinion that you find unbelievable, unreasonable, or unsupported by the evidence.

JURY INSTRUCTIONS

**JURY INSTRUCTION NO. 23**
**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**JURY INSTRUCTION NO. 24**
**EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].) If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such

materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

### JURY INSTRUCTION NO. 25
### JURORS NOT TO CONSIDER ATTORNEY FEES AND COURT COSTS

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

**JURY INSTRUCTION NO. 26**
**CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**JURY INSTRUCTION NO. 27**
**LIABILITY OF CORPORATION**


Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

**JURY INSTRUCTION NO. 28**
**DAMAGES—PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

The nature and extent of the injuries;

The emotional pain and suffering experienced;

The reasonable value of earnings lost up to the present time;

The reasonable value of earnings that with reasonable probability will be lost in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**JURY INSTRUCTION NO. 29**
**MEASURES OF TYPES OF DAMAGES**

In determining the measure of damages, you should consider:

The nature and extent of the injuries;

The emotional pain and suffering experienced;

The reasonable value of earnings lost up to the present time;

The reasonable value of earnings that with reasonable probability will be lost in the future.

34.

**JURY INSTRUCTION NO. 30**
**DAMAGES ON MULTIPLE LEGAL THEORIES**

Mr. Lillie seeks damages from ManTech under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

You will be asked to decide whether ManTech is liable to Mr. Lillie under the following legal theories:

1.      anti-retaliation provisions of the federal False Claims Act;

2.      Defense Contractor Whistleblower Protection Act;

3.      California Labor Code section 1102.5.

The following items of damages are recoverable only once under all of the above legal theories:

1.      Lost wages;

2.      Emotional Distress.

The following additional items of damages are recoverable only once for the False Claims Act and the Defense Contractor Whistleblower Protection Act:

1.      Reinstatement;

The following additional items of damages are recoverable only once for the False Claims Act:

1.      Double back pay.

The following additional items of damages are recoverable only once for California Labor Code section 1102.5:

1.      A civil penalty not exceeding ten thousand dollars ($10,000);

2.      Punitive damages.

## JURY INSTRUCTION NO. 31
### AFFIRMATIVE DEFENSE – AFTER-ACQUIRED EVIDENCE

ManTech contends that it would have made the same decision to discharge Mr. Lillie because, unbeknownst to ManTech, Mr. Lillie had breached his confidentiality agreement by downloading and copying confidential and proprietary information belonging to ManTech and its customers for unauthorized purposes, and retaining those documents after he was furloughed and terminated which meant that he was ineligible for rehire.

If ManTech proves by a preponderance of the evidence that it would have made the same decision and discharged Mr. Lillie because of his unauthorized taking and retention of confidential and proprietary information and Mr. Lillie would not have been eligible for rehire, then Mr. Lillie is not entitled to any lost wages as of May 20, 2015.

If ManTech proves by a preponderance of the evidence that it would have discharged Mr. Lillie on a date before May 20, 2015, then you should limit any award of back pay to end on that earlier date.

JURY INSTRUCTIONS

## JURY INSTRUCTION NO. 32
## USE OF PRESENT-VALUE TABLES

Use Worksheet A and Table A to compute the present value of lost future income.

1. Determine the amount of Mr. Lillie's future loss for lost income each year. Enter this amount into Worksheet A, Step 1.

2. Determine the number of years that this loss will continue. Enter this amount into Worksheet A, Step 2.

3. Select the interest rate that you decide represents the most likely rate of return on money invested today over that period of years. Enter this amount into Worksheet A, Step 3.

4. Select the appropriate Present Value Factor from Table A. To locate this factor, use the Number of Years from Step 2 on the worksheet and the Interest Rate from Step 3 on the worksheet and find the number that is the intersection of the Interest Rate column and Number of Years row. (For example, if the number of years is 15 and the interest rate is 10 percent, the corresponding Present Value Factor is 7.61.) Enter the factor into Worksheet A, Step 4.

5. Multiply the amount of Mr. Lillie's annual future loss from Step 1 by the factor from Step 4. This is the present value of Mr. Lillie's total future loss for lost income. Enter this amount into Worksheet A, Step 5.

### WORKSHEET A

Step 1: Repeating identical annual dollar
amount of future loss:                          $_____

Step 2: Number of years that this loss will
continue:                                          _____

Step 3: Interest rate that represents a reasonable
rate of return on money invested today
over that period of years:                          _____%

Step 4: Present Value Factor from Table A:            _____

37.

Step 5:   Amount from Step 1 times Factor from Step 4:                                   $_____

Enter the amount from Step 5 on your verdict form as Mr. Lillie's total future economic loss for lost income.

**Table A - Present Value Factor of Repeating Identical Amount** (Present value of $1 per period for $t$ periods at $r$%)

| Number of Years | Interest Rate | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1% | 2% | 3% | 4% | 5% | 6% | 7% | 8% | 9% | 10% | 11% | 12% | 13% | 14% | 15% | 16% | 17% | 18% | 19% | 20% |
| 1 | 0.99 | 0.98 | 0.97 | 0.96 | 0.95 | 0.94 | 0.93 | 0.93 | 0.92 | 0.91 | 0.90 | 0.89 | 0.88 | 0.88 | 0.87 | 0.86 | 0.85 | 0.85 | 0.84 | 0.83 |
| 2 | 1.97 | 1.94 | 1.91 | 1.89 | 1.86 | 1.83 | 1.81 | 1.78 | 1.76 | 1.74 | 1.71 | 1.69 | 1.67 | 1.65 | 1.63 | 1.61 | 1.59 | 1.57 | 1.55 | 1.53 |
| 3 | 2.94 | 2.88 | 2.83 | 2.78 | 2.72 | 2.67 | 2.62 | 2.58 | 2.53 | 2.49 | 2.44 | 2.40 | 2.36 | 2.32 | 2.28 | 2.25 | 2.21 | 2.17 | 2.14 | 2.11 |
| 4 | 3.90 | 3.81 | 3.72 | 3.63 | 3.55 | 3.47 | 3.39 | 3.31 | 3.24 | 3.17 | 3.10 | 3.04 | 2.97 | 2.91 | 2.85 | 2.80 | 2.74 | 2.69 | 2.64 | 2.59 |
| 5 | 4.85 | 4.71 | 4.58 | 4.45 | 4.33 | 4.21 | 4.10 | 3.99 | 3.89 | 3.79 | 3.70 | 3.60 | 3.52 | 3.43 | 3.35 | 3.27 | 3.20 | 3.13 | 3.06 | 2.99 |
| 6 | 5.80 | 5.60 | 5.42 | 5.24 | 5.08 | 4.92 | 4.77 | 4.62 | 4.49 | 4.36 | 4.23 | 4.11 | 4.00 | 3.89 | 3.78 | 3.68 | 3.59 | 3.50 | 3.41 | 3.33 |
| 7 | 6.73 | 6.47 | 6.23 | 6.00 | 5.79 | 5.58 | 5.39 | 5.21 | 5.03 | 4.87 | 4.71 | 4.56 | 4.42 | 4.29 | 4.16 | 4.04 | 3.92 | 3.81 | 3.71 | 3.60 |
| 8 | 7.65 | 7.33 | 7.02 | 6.73 | 6.46 | 6.21 | 5.97 | 5.75 | 5.53 | 5.33 | 5.15 | 4.97 | 4.80 | 4.64 | 4.49 | 4.34 | 4.21 | 4.08 | 3.95 | 3.84 |
| 9 | 8.57 | 8.16 | 7.79 | 7.44 | 7.11 | 6.80 | 6.52 | 6.25 | 6.00 | 5.76 | 5.54 | 5.33 | 5.13 | 4.95 | 4.77 | 4.61 | 4.45 | 4.30 | 4.16 | 4.03 |
| 10 | 9.47 | 8.98 | 8.53 | 8.11 | 7.72 | 7.36 | 7.02 | 6.71 | 6.42 | 6.14 | 5.89 | 5.65 | 5.43 | 5.22 | 5.02 | 4.83 | 4.66 | 4.49 | 4.34 | 4.19 |
| 11 | 10.37 | 9.79 | 9.25 | 8.76 | 8.31 | 7.89 | 7.50 | 7.14 | 6.81 | 6.50 | 6.21 | 5.94 | 5.69 | 5.45 | 5.23 | 5.03 | 4.84 | 4.66 | 4.49 | 4.33 |
| 12 | 11.26 | 10.58 | 9.95 | 9.39 | 8.86 | 8.38 | 7.94 | 7.54 | 7.16 | 6.81 | 6.49 | 6.19 | 5.92 | 5.66 | 5.42 | 5.20 | 4.99 | 4.79 | 4.61 | 4.44 |
| 13 | 12.13 | 11.35 | 10.63 | 9.99 | 9.39 | 8.85 | 8.36 | 7.90 | 7.49 | 7.10 | 6.75 | 6.42 | 6.12 | 5.84 | 5.58 | 5.34 | 5.12 | 4.91 | 4.71 | 4.53 |
| 14 | 13.00 | 12.11 | 11.30 | 10.56 | 9.90 | 9.29 | 8.75 | 8.24 | 7.79 | 7.37 | 6.98 | 6.63 | 6.30 | 6.00 | 5.72 | 5.47 | 5.23 | 5.01 | 4.80 | 4.61 |
| 15 | 13.87 | 12.85 | 11.94 | 11.12 | 10.38 | 9.71 | 9.11 | 8.56 | 8.06 | 7.61 | 7.19 | 6.81 | 6.46 | 6.14 | 5.85 | 5.58 | 5.32 | 5.09 | 4.88 | 4.68 |
| 16 | 14.72 | 13.58 | 12.56 | 11.65 | 10.84 | 10.11 | 9.45 | 8.85 | 8.31 | 7.82 | 7.38 | 6.97 | 6.60 | 6.27 | 5.95 | 5.67 | 5.41 | 5.16 | 4.94 | 4.73 |
| 17 | 15.56 | 14.29 | 13.17 | 12.17 | 11.27 | 10.48 | 9.76 | 9.12 | 8.54 | 8.02 | 7.55 | 7.12 | 6.73 | 6.37 | 6.05 | 5.75 | 5.47 | 5.22 | 4.99 | 4.77 |
| 18 | 16.40 | 14.99 | 13.75 | 12.66 | 11.69 | 10.83 | 10.06 | 9.37 | 8.76 | 8.20 | 7.70 | 7.25 | 6.84 | 6.47 | 6.13 | 5.82 | 5.53 | 5.27 | 5.03 | 4.81 |
| 19 | 17.23 | 15.68 | 14.32 | 13.13 | 12.09 | 11.16 | 10.34 | 9.60 | 8.95 | 8.36 | 7.84 | 7.37 | 6.94 | 6.55 | 6.20 | 5.88 | 5.58 | 5.32 | 5.07 | 4.84 |
| 20 | 18.05 | 16.35 | 14.88 | 13.59 | 12.46 | 11.47 | 10.59 | 9.82 | 9.13 | 8.51 | 7.96 | 7.47 | 7.02 | 6.62 | 6.26 | 5.93 | 5.63 | 5.35 | 5.10 | 4.87 |
| 21 | 18.86 | 17.01 | 15.42 | 14.03 | 12.82 | 11.76 | 10.84 | 10.02 | 9.29 | 8.65 | 8.08 | 7.56 | 7.10 | 6.69 | 6.31 | 5.97 | 5.66 | 5.38 | 5.13 | 4.89 |
| 22 | 19.66 | 17.66 | 15.94 | 14.45 | 13.16 | 12.04 | 11.06 | 10.20 | 9.44 | 8.77 | 8.18 | 7.64 | 7.17 | 6.74 | 6.36 | 6.01 | 5.70 | 5.41 | 5.15 | 4.91 |
| 23 | 20.46 | 18.29 | 16.44 | 14.86 | 13.49 | 12.30 | 11.27 | 10.37 | 9.58 | 8.88 | 8.27 | 7.72 | 7.23 | 6.79 | 6.40 | 6.04 | 5.72 | 5.43 | 5.17 | 4.92 |
| 24 | 21.24 | 18.91 | 16.94 | 15.25 | 13.80 | 12.55 | 11.47 | 10.53 | 9.71 | 8.98 | 8.35 | 7.78 | 7.28 | 6.84 | 6.43 | 6.07 | 5.75 | 5.45 | 5.18 | 4.94 |
| 25 | 22.02 | 19.52 | 17.41 | 15.62 | 14.09 | 12.78 | 11.65 | 10.67 | 9.82 | 9.08 | 8.42 | 7.84 | 7.33 | 6.87 | 6.46 | 6.10 | 5.77 | 5.47 | 5.20 | 4.95 |
| 26 | 22.80 | 20.12 | 17.88 | 15.98 | 14.38 | 13.00 | 11.83 | 10.81 | 9.93 | 9.16 | 8.49 | 7.90 | 7.37 | 6.91 | 6.49 | 6.12 | 5.78 | 5.48 | 5.21 | 4.96 |
| 27 | 23.56 | 20.71 | 18.33 | 16.33 | 14.64 | 13.21 | 11.99 | 10.94 | 10.03 | 9.24 | 8.55 | 7.94 | 7.41 | 6.94 | 6.51 | 6.14 | 5.80 | 5.49 | 5.22 | 4.96 |
| 28 | 24.32 | 21.28 | 18.76 | 16.66 | 14.90 | 13.41 | 12.14 | 11.05 | 10.12 | 9.31 | 8.60 | 7.98 | 7.44 | 6.96 | 6.53 | 6.15 | 5.81 | 5.50 | 5.22 | 4.97 |
| 29 | 25.07 | 21.84 | 19.19 | 16.98 | 15.14 | 13.59 | 12.28 | 11.16 | 10.20 | 9.37 | 8.65 | 8.02 | 7.47 | 6.98 | 6.55 | 6.17 | 5.82 | 5.51 | 5.23 | 4.97 |
| 30 | 25.81 | 22.40 | 19.60 | 17.29 | 15.37 | 13.76 | 12.41 | 11.26 | 10.27 | 9.43 | 8.69 | 8.06 | 7.50 | 7.00 | 6.57 | 6.18 | 5.83 | 5.52 | 5.23 | 4.98 |
| 31 | 26.54 | 22.94 | 20.00 | 17.59 | 15.59 | 13.93 | 12.53 | 11.35 | 10.34 | 9.48 | 8.73 | 8.08 | 7.52 | 7.02 | 6.58 | 6.19 | 5.84 | 5.52 | 5.24 | 4.98 |
| 32 | 27.27 | 23.47 | 20.39 | 17.87 | 15.80 | 14.08 | 12.65 | 11.43 | 10.41 | 9.53 | 8.77 | 8.11 | 7.54 | 7.03 | 6.59 | 6.20 | 5.84 | 5.53 | 5.24 | 4.99 |
| 33 | 27.99 | 23.99 | 20.77 | 18.15 | 16.00 | 14.23 | 12.75 | 11.51 | 10.46 | 9.57 | 8.80 | 8.14 | 7.56 | 7.05 | 6.60 | 6.20 | 5.85 | 5.53 | 5.24 | 4.99 |
| 34 | 28.70 | 24.50 | 21.13 | 18.41 | 16.19 | 14.37 | 12.85 | 11.59 | 10.52 | 9.61 | 8.83 | 8.16 | 7.57 | 7.06 | 6.61 | 6.21 | 5.85 | 5.54 | 5.25 | 4.99 |
| 35 | 29.41 | 25.00 | 21.49 | 18.66 | 16.37 | 14.50 | 12.95 | 11.65 | 10.57 | 9.64 | 8.86 | 8.18 | 7.59 | 7.07 | 6.62 | 6.22 | 5.86 | 5.54 | 5.25 | 4.99 |
| 36 | 30.11 | 25.49 | 21.83 | 18.91 | 16.55 | 14.62 | 13.04 | 11.72 | 10.61 | 9.68 | 8.88 | 8.19 | 7.60 | 7.08 | 6.62 | 6.22 | 5.86 | 5.54 | 5.25 | 4.99 |
| 37 | 30.80 | 25.97 | 22.17 | 19.14 | 16.71 | 14.74 | 13.12 | 11.78 | 10.65 | 9.71 | 8.90 | 8.21 | 7.61 | 7.09 | 6.63 | 6.22 | 5.86 | 5.54 | 5.25 | 4.99 |
| 38 | 31.48 | 26.44 | 22.49 | 19.37 | 16.87 | 14.85 | 13.19 | 11.83 | 10.69 | 9.73 | 8.92 | 8.22 | 7.62 | 7.09 | 6.63 | 6.23 | 5.87 | 5.55 | 5.26 | 5.00 |
| 39 | 32.16 | 26.90 | 22.81 | 19.58 | 17.02 | 14.95 | 13.26 | 11.88 | 10.73 | 9.76 | 8.94 | 8.23 | 7.63 | 7.10 | 6.64 | 6.23 | 5.87 | 5.55 | 5.26 | 5.00 |
| 40 | 32.83 | 27.36 | 23.11 | 19.79 | 17.16 | 15.05 | 13.33 | 11.92 | 10.76 | 9.78 | 8.95 | 8.24 | 7.63 | 7.11 | 6.64 | 6.23 | 5.87 | 5.55 | 5.26 | 5.00 |
| 41 | 33.50 | 27.80 | 23.41 | 19.99 | 17.29 | 15.14 | 13.39 | 11.97 | 10.79 | 9.80 | 8.96 | 8.25 | 7.64 | 7.11 | 6.65 | 6.24 | 5.87 | 5.55 | 5.26 | 5.00 |
| 42 | 34.16 | 28.23 | 23.70 | 20.19 | 17.42 | 15.22 | 13.45 | 12.01 | 10.81 | 9.82 | 8.98 | 8.26 | 7.65 | 7.11 | 6.65 | 6.24 | 5.87 | 5.55 | 5.26 | 5.00 |
| 43 | 34.81 | 28.66 | 23.98 | 20.37 | 17.55 | 15.31 | 13.51 | 12.04 | 10.84 | 9.83 | 8.99 | 8.27 | 7.65 | 7.12 | 6.65 | 6.24 | 5.88 | 5.55 | 5.26 | 5.00 |
| 44 | 35.46 | 29.08 | 24.25 | 20.55 | 17.66 | 15.38 | 13.56 | 12.08 | 10.86 | 9.85 | 9.00 | 8.28 | 7.66 | 7.12 | 6.65 | 6.24 | 5.88 | 5.55 | 5.26 | 5.00 |
| 45 | 36.09 | 29.49 | 24.52 | 20.72 | 17.77 | 15.46 | 13.61 | 12.11 | 10.88 | 9.86 | 9.01 | 8.28 | 7.66 | 7.12 | 6.65 | 6.24 | 5.88 | 5.55 | 5.26 | 5.00 |
| 46 | 36.73 | 29.89 | 24.78 | 20.88 | 17.88 | 15.52 | 13.65 | 12.14 | 10.90 | 9.88 | 9.02 | 8.29 | 7.66 | 7.13 | 6.66 | 6.24 | 5.88 | 5.55 | 5.26 | 5.00 |
| 47 | 37.35 | 30.29 | 25.02 | 21.04 | 17.98 | 15.59 | 13.69 | 12.16 | 10.92 | 9.89 | 9.02 | 8.29 | 7.67 | 7.13 | 6.66 | 6.24 | 5.88 | 5.55 | 5.26 | 5.00 |
| 48 | 37.97 | 30.67 | 25.27 | 21.20 | 18.08 | 15.65 | 13.73 | 12.19 | 10.93 | 9.90 | 9.03 | 8.30 | 7.67 | 7.13 | 6.66 | 6.24 | 5.88 | 5.55 | 5.26 | 5.00 |
| 49 | 38.59 | 31.05 | 25.50 | 21.34 | 18.17 | 15.71 | 13.77 | 12.21 | 10.95 | 9.91 | 9.04 | 8.30 | 7.67 | 7.13 | 6.66 | 6.25 | 5.88 | 5.55 | 5.26 | 5.00 |
| 50 | 39.20 | 31.42 | 25.73 | 21.48 | 18.26 | 15.76 | 13.80 | 12.23 | 10.96 | 9.91 | 9.04 | 8.30 | 7.68 | 7.13 | 6.66 | 6.25 | 5.88 | 5.55 | 5.26 | 5.00 |

Note: The factors in this table are calculated as $\left(\dfrac{1}{r}\right) - \left(\dfrac{1}{r \times (1 + r)^t}\right)$, where r is the interest rate and t is the number of years. This formula can be used to calculate any present value factors not shown on this table.

JURY INSTRUCTIONS

**JURY INSTRUCTION NO. 33**
**DUTY TO MITIGATE DAMAGES FOR PAST LOST EARNINGS**

Mr. Lillie is not entitled to recover damages for economic losses that ManTech proves Mr. Lillie could have avoided by returning to gainful employment as soon as it was reasonable for him to do so.

To calculate the amount of damages you must:

1.  Determine what Mr. Lillie would have earned from the job he held at the time he was injured; and

2.  Subtract the amount Mr. Lillie earned or could have earned by returning to gainful employment.

The resulting amount is Mr. Lillie's damages for past lost earnings.

39.

**JURY INSTRUCTION NO. 34**
**DUTY TO MITIGATE DAMAGES FOR FUTURE LOST EARNINGS**

Mr. Lillie is not entitled to recover damages for future economic losses that ManTech proves Mr. Lillie would have been able to avoid by returning to gainful employment as soon as it was reasonable for him to do so.

If you decide that Mr. Lillie would be able to return to work, then you must not award him any damages for the amount he would be able to earn from future gainful employment. To calculate the amount of damages you must:

1.  Determine the amount Mr. Lillie would have earned from the job he held at the time he was injured; and

2.  Subtract the amount Mr. Lillie would be reasonably able to earn from alternate employment.

The resulting amount is Mr. Lillie's damages for future lost earnings.

JURY INSTRUCTIONS

**JURY INSTRUCTION NO. 35**
**ITEMS OF NONECONOMIC DAMAGE**


The following are the specific items of noneconomic damages claimed by Mr. Lillie:

Past and future mental suffering and emotional distress

41.

**JURY INSTRUCTION NO. 36**
**PHYSICAL PAIN, MENTAL SUFFERING, AND EMOTIONAL DISTRESS**
**(NONECONOMIC DAMAGE)**

Past and future mental suffering and emotional distress.

No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover for future mental suffering and emotional distress, Mr. Lillie must prove that he was reasonably certain to suffer that harm.

For future mental suffering and emotional distress, determine the amount in current dollars paid at the time of judgment that will compensate Mr. Lillie for future mental suffering and emotional distress. This amount of noneconomic damages should not be further reduced to present cash value because that reduction should only be performed with respect to economic damages.

# JURY INSTRUCTION NO. 37
## PUNITIVE DAMAGES

If you decide that ManTech's conduct caused Mr. Lillie harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against ManTech only if Mr. Lillie proves that ManTech engaged in that conduct with malice, oppression, or fraud. To do this, Mr. Lillie must prove [one of] the following by clear and convincing evidence:

1. That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of ManTech, who acted on behalf of ManTech; or

2. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of ManTech; or

3. That one or more officers, directors, or managing agents of ManTech knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that ManTech acted with intent to cause injury or that ManTech's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that ManTech's conduct was despicable and subjected Mr. Lillie to cruel and unjust hardship in knowing disregard of his rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

43.

"Fraud" means that ManTech intentionally misrepresented or concealed a material fact and did so intending to harm Mr. Lillie.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

**JURY INSTRUCTION NO. 38**
**ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES**

The arguments of the attorneys are not evidence of damages.  Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

# JURY INSTRUCTION NO. 39
## FALSE CLAIMS ACT RETALIATION — ELEMENTS AND BURDEN OF PROOF

The anti-retaliation provision of the federal False Claims Act prohibits an employer from taking an adverse employment action against an employee because he engaged in protected activity under the False Claims Act.  Mr. Lillie alleges that his furloughs and the termination of his employment at ManTech violated the anti-retaliation provision of the False Claims Act.  To prevail on his claim, Mr. Lillie has the burden of proving each of the following elements by a preponderance of the evidence:

1.      First, that Mr. Lillie was engaged in "protected activity" under the False Claims Act.

2.      Second, that ManTech knew that Mr. Lillie was engaged in "protected activity" under the False Claims Act at the time ManTech made the decision to place Mr. Lillie on furlough and/or terminate Mr. Lillie's employment; and

3.      Third, that ManTech made the decision to place Mr. Lillie on furlough and/or  terminate Mr. Lillie's employment because of that "protected activity."

If you find from your consideration of the evidence that all three of these required elements have been proven, then you must determine the appropriate amount of damages.

If you find from your consideration of the evidence that any one of these required elements has not been proven, then your verdict should be for ManTech.

**JURY INSTRUCTION NO. 40**
**FALSE CLAIMS ACT RETALIATION — PROTECTED ACTIVITY**

To constitute "protected activity" under the False Claims Act, Mr. Lillie must prove by a preponderance of the evidence that:

1.   First, he engaged in lawful acts in furtherance of filing an action under the False Claims Act, or in an effort to stop a falsehood being made to the federal government to obtain money;

2.   Second, he believed in good faith that ManTech was committing a fraud or falsity to obtain payment from the federal government; and

3.   Third, a reasonable employee in the same or similar circumstances might believe that ManTech was committing fraud or falsity against the government to obtain money.

The False Claims Act provides for civil liability for persons who submit false claims or statements in order to obtain money from the U.S. government. Violations of laws, rules, or regulations alone do not constitute a violation of the False Claims Act.

# JURY INSTRUCTION NO. 41
## FALSE CLAIMS ACT RETALIATION — CAUSATION

To establish the third element of his False Claims Act retaliation claim, Mr. Lillie must prove that ManTech would not have discharged Mr. Lillie but for knowing that Mr. Lillie was acting in furtherance of a claim under the False Claims Act or making an effort to stop the making of a falsehood to the federal government to obtain money.If ManTech would have terminated Mr. Lillie's employment for another reason, regardless of whether or not Mr. Lillie engaged in "protected activity," then this element is not satisfied.  The law requires that Mr. Lillie be treated the same way he would have been treated if Mr. Lillie had not engaged in "protected activity," no better and no worse.

48.

### JURY INSTRUCTION NO. 42
### DEFENSE CONTRACTORS WHISTLEBLOWER PROTECTION ACT — ELEMENTS AND BURDEN PROOF

The Defense Contractors Whistleblower Protection Act prohibits discrimination against employees of government contractors for disclosing information that the employee reasonably believes demonstrates gross mismanagement, a gross waste of funds, an abuse of authority, or a violation of law, rule, or regulation in relation to certain government contracts.   Mr. Lillie alleges that his furloughs and/or the termination of his employment at ManTech violated the protections against retaliation under the Defense Contractor Whistleblower Protection Act.

To establish a violation of the Defense Contractors Whistleblower Protection Act, Mr. Lillie has the burden of proving each of the following elements by a preponderance of the evidence:

1. Mr. Lillie made a protected disclosure

2. ManTech knew of Mr. Lillie's protected disclosure; and

3. Mr. Lillie's protected disclosure was a contributing factor to his discharge.

If you find from your consideration of all the evidence that any one of these three listed elements has not been proven by Mr. Lillie, then your verdict should be for ManTech.

If you find from your consideration of the evidence that Mr. Lillie has proven all three of these listed elements, then you must next consider whether ManTech has proven by clear and convincing evidence that it would have furloughed and/or terminated Mr. Lillie's employment even if he had not made a protected disclosure. If you find that ManTech would have furloughed and/or terminated Mr. Lillie's employment even if he had not made a protected disclosure, then your verdict should be for ManTech.

**JURY INSTRUCTION NO. 43**
**DEFENSE CONTRACTORS WHISTLEBLOWER PROTECTION ACT —**
**PROTECTED DISCLOSURE**

To constitute a "protected disclosure" under the Defense Contractor Whistleblower Protection Act, Mr. Lillie must prove by a preponderance of the evidence that he made a disclosure:

1.    that involved information that Mr. Lillie reasonably believed was evidence of gross mismanagement of a NASA contract or grant, a gross waste of NASA funds, an abuse of authority relating to a NASA contract or grant, or a violation of law, rule, or regulation related to a NASA contract (including the competition for or negotiation of a contract) or grant; and

2.    was to a management official or other employee of ManTech who had the responsibility to investigate, discover, or address misconduct.

**JURY INSTRUCTION NO. 44**
**WHISTLEBLOWER PROTECTION (CAL. LAB. CODE § 1102.5 —**
**ELEMENTS AND BURDEN OF PROOF**

Mr. Lillie claims that ManTech discharged/furloughed him in retaliation for his disclosure of information of an unlawful act.   In order to establish this claim, Mr. Lillie must prove all of the following:

1.   That ManTech was Mr. Lillie's employer;

2.   That ManTech believed that Mr. Lillie had disclosed to a government agency, a person with authority over Mr. Lillie, or an employee with authority to investigate, discover, or correct legal violations/noncompliance related to a contractor being provided with unlawful access to third party data, and/or Mr. Lillie's refusal to participate in an unlawful cover-up of a contractor being provided unlawful access to third party data;

3.   That Mr. Lillie had reasonable cause to believe that the access to third party data was a violation of a state/federal statute or a violation of or noncompliance with a local/state/federal rule or regulation;

4.   That ManTech furloughed and discharged Mr. Lillie;

5.   That Mr. Lillie's disclosure of information was a contributing factor in ManTech's decision to furlough and/or discharge Mr. Lillie;

6.   That Mr. Lillie was harmed; and

7.   That ManTech's conduct was a substantial factor in causing Mr. Lillie's harm.

The disclosure of policies that an employee believes to be merely unwise, wasteful, gross misconduct, mere difference of opinion or the like, is not protected. Instead, Mr. Lillie must have reasonably believed that ManTech's policies violated federal, state, or local statutes, rules, or regulations.

51.

1    It is not Mr. Lillie's motivation for his disclosure, but only the content of that

2    disclosure, that determines whether the disclosure is protected.

## JURY INSTRUCTION NO. 45
## AFFIRMATIVE DEFENSE – SAME DECISION

If Mr. Lillie proves that his disclosure of information regarding an unlawful act was a contributing factor to his furlough and/or discharge, ManTech is not liable if it proves by clear and convincing evidence that it would have furloughed and/or discharged Mr. Lillie anyway at that time for legitimate, independent reasons.

**JURY INSTRUCTION NO. 46**
**DUTY TO DELIBERATE**


Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

JURY INSTRUCTIONS

## JURY INSTRUCTION NO. 47
## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged

JURY INSTRUCTIONS

**JURY INSTRUCTION NO. 48**
**RETURN OF VERDICT**


A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28