REDACTED



FILED
CLERK, U.S. DISTRICT COURT

FEB 28 2019

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LILLIE, | Case No. 2:17-CV-02538-CAS-SSx |
| Plaintiff, | **SPECIAL VERDICT** |
| v. | |
| MANTECH INT'L. CORP., et al., | |
| Defendants. | |

## INSTRUCTIONS FOR SPECIAL VERDICT

Ladies and Gentlemen of the Jury:

Your verdict in this case will consist of answers to the questions stated below. All of you must agree to each question and be able to state when you return to the courtroom that your vote is expressed in the answer of the verdict form. As soon as all of you have agreed upon each answer as required by the directions, the Presiding Juror must sign and date this Special Verdict Form on the last page and notify the court clerk.

We, the jury in the above-entitled case, find as follows:

## FALSE CLAIMS ACT

### QUESTION NO. 1.

Did Plaintiff David Lillie prove by a preponderance of the evidence that he engaged in lawful acts in furtherance of an action under the False Claims Act or in an effort to stop a violation of the False Claims Act?

✓ Yes     ____ No

*If you answered "Yes" to Question 1 please proceed to Question 2. If you answered "No" to Question 1, please proceed directly to Question 7.*

### QUESTION NO. 2.

Did Plaintiff David Lillie prove by a preponderance of the evidence that he had a good faith belief that ManTech was committing a fraud or falsehood against the government to obtain the payment of money?

✓ Yes     ____ No

*If you answered "Yes" to Question 2 please proceed to Question 3. If you answered "No" to Question 2, please proceed to Question 7.*

**QUESTION NO. 3.**

Did Plaintiff David Lillie prove by a preponderance of the evidence that a reasonable employee in the same or similar circumstances would believe that ManTech was committing fraud or a falsehood against the government to obtain payment of money?

__✓__ Yes     ____ No

*If you answered "Yes" to Question 3 please proceed to Question 4. If you answered "No" to Question 3, please proceed to Question 7.*

**QUESTION NO. 4.**

**4.A.** Did Plaintiff David Lillie prove by a preponderance of the evidence that ManTech knew that Mr. Lillie was engaged in "protected activity" under the False Claims Act at the time it made the decision to place Mr. Lillie on furlough?

__✓__ Yes     __~~~~__ No

*Please proceed to Question 4.B.*

**4.B.** Did Plaintiff David Lillie prove by a preponderance of the evidence that ManTech knew that Mr. Lillie was engaged in "protected activity" under the False Claims Act at the time it made the decision to terminate Mr. Lillie's employment?

__✓__ Yes     ____ No

*If you answered "Yes" to either Questions 4.A. or 4.B. please proceed to Question 5. If you answered "No" to both Questions 4.A. and 4.B., please proceed to Question 7.*

**QUESTION NO. 5.**

*If you answered "Yes" to Question 4.A, please proceed to Question 5A. If you answered "No" to Question 4.A, please proceed to Question 5.B.*

**5.A.** Did Plaintiff David Lillie prove by a preponderance of the evidence that ManTech made the decision to place Mr. Lillie on furlough because of that "protected activity" of which ManTech was aware?

_____ Yes      ✓ No

*Please proceed to Question 5.B.*

**5.B.** Did Plaintiff David Lillie prove by a preponderance of the evidence that ManTech made the decision to terminate Mr. Lillie's employment because of that "protected activity" of which ManTech was aware?

✓ Yes      _____ No

*If you answered "Yes" to either Questions 5.A. or 5.B. please proceed to Question 6. If you answered "No" to both Questions 5.A. and 5.B., please proceed to Question 7.*

**QUESTION NO. 6.**

What are Plaintiff David Lillie's damages?

Past lost earnings: $ 521,983.00 ~~[struck out]~~

Future lost earnings: $ 339,828.00 ○

Past emotional distress: 321,875 $ ~~[struck out]~~

Future emotional distress: 321,875 $ ~~[struck out]~~

TOTAL DAMAGES: $ 1,505,561 $ ~~[struck out]~~ ~~[struck out]~~

*Please proceed to Question 7.*

# DEFENSE CONTRACTORS WHISTLEBLOWER PROTECTION ACT ("DCWPA")

**QUESTION NO. 7.**

Did Plaintiff David Lillie prove by a preponderance of the evidence that he made a disclosure that involved information that Mr. Lillie reasonably believed was evidence of gross mismanagement of a NASA contract, a gross waste of NASA funds, an abuse of authority relating to a NASA contract, or a violation of law, rule, or regulation related to a NASA contract?

✓ Yes     ____ No

*If you answered "Yes" to Question 7 please proceed to Question 8. If you answered "No" to Question 7, please proceed to Question 13.*

**QUESTION NO. 8.**

Did Plaintiff David Lillie prove by a preponderance of the evidence that he made the disclosure to a manager or other employee of ManTech who had the responsibility to investigate, discover, or address misconduct?

✓ Yes     ____ No

*If you answered "Yes" to Question 8 please proceed to Question 9. If you answered "No" to Question 8, please proceed to Question 13.*

**QUESTION NO. 9.**

Did Plaintiff David Lillie prove by a preponderance of the evidence that ManTech knew of Mr. Lillie's protected disclosure?

✓ Yes     ____ No

*If you answered "Yes" to Question 9 please proceed to Question 10. If you answered "No" to Question 9, please proceed to Question 13.*

**QUESTION NO. 10.**

**10.A.** Did Plaintiff David Lillie prove by a preponderance of the evidence that his protected disclosure was a contributing factor in ManTech's decision to place Mr. Lillie on furlough?

____ Yes      ✓ No

*Please proceed to Question 10.B.*

**10.B.** Did Plaintiff David Lillie prove by a preponderance of the evidence that his protected disclosure was a contributing factor in ManTech's decision to terminate Mr. Lillie's employment?

✓ Yes      ____ No

*If you answered "Yes" to either Questions 10.A. or 10.B. please proceed to Question 11. If you answered "No" to both Questions 10.A. and 10.B., please proceed to Question 13.*

**QUESTION NO. 11.**

*If you answered "Yes" to Question 10.A, please proceed to Question 11A. If you answered "No" to Question 10.A, please proceed to Question 11.B.*

**11.A.** Did ManTech prove by clear and convincing evidence that it would have furloughed Mr. Lillie ~~even~~ if he had not made a protected disclosure?

____ Yes      ____ No

*Please proceed to Question 11.B.*

**11.B.** Did ManTech prove by clear and convincing evidence that it would have terminated Mr. Lillie's employment even if he had not made a protected disclosure?

____ Yes      ✓ No

*If you answered "No" to either Questions 11.A. or 11.B. please proceed to Question 12. If you answered "Yes" to both Questions 11.A. and 11.B., please proceed*

6.

to Question 13.

**QUESTION NO. 12.**

*If you designated damages in Question 7, please proceed to Question 13. If you did not designate any damages in Question 7, please answer Question 12.*

What are Plaintiff David Lillie's damages?

| | |
|---|---|
| Past lost earnings: | $ 521,983.00 |
| Future lost earnings: | $ 339,828.00 |
| Past emotional distress: | $ ~~[illegible]~~ 321,875.00 |
| Future emotional distress: | $ ~~[illegible]~~ 321,875.00 |
| TOTAL DAMAGES: | $ ~~[illegible]~~ 1,505,561.00 |

*Please proceed to Question 13.*

**RETALIATION UNDER CALIFORNIA LABOR CODE SECTION 1102.5**

**QUESTION NO. 13.**

Did Plaintiff David Lillie prove by a preponderance of the evidence that ManTech knew that Mr. Lillie had disclosed to a government agency, a person with authority over Mr. Lillie, or an employee with authority to investigate, discover, or correct legal violations/noncompliance related to Mr. Lillie's refusal to participate in an unlawful cover-up of a contractor being provided unlawful access to third party data?

 ✓ Yes ___ No

*If you answered "Yes" to Question 13 please proceed to Question 14. If you answered "No" to Question 13, please proceed to Question 19.*

## QUESTION NO. 14.

Did Plaintiff David Lillie prove by a preponderance of the evidence that he had reasonable cause to believe that the access to third party data was a violation of a state/federal statute or a violation of or noncompliance with a local/state/federal rule or regulation?

✓ Yes  ___ No

*If you answered "Yes" to Question 14 please proceed to Question 15. If you answered "No" to Question 15, please proceed to Question 19.*

## QUESTION NO. 15.

**15.A.** Did Plaintiff David Lillie establish by a preponderance of the evidence that his disclosure of information was a contributing factor in ManTech's decision to place Plaintiff David Lillie on a furlough?

___ Yes  ✓ No

**15.B.** Did Plaintiff David Lillie establish by a preponderance of the evidence that his disclosure of information was a contributing factor in ManTech's decision to terminate his employment?

✓ Yes  ___ No

*If you answered "Yes" to either Question 15.A or 15.B please proceed to Question 16. If you answered "No" to both Questions 15.A and 15.B, please proceed to Question 19.*

## QUESTION NO. 16.

Would ManTech have decided to place Plaintiff David Lillie on furlough and terminate his employment anyway, for legitimate, independent reasons?

___ Yes  ✗ No

*If you answered "Yes" to Question 16 please proceed to Question 19. If you answered "No" to Question 16, please proceed to Question 17.*

8.

## QUESTION 16

**16.A.** Would ManTech have decided to place Plaintiff David Lillie on furlough anyway, for legitimate, independent reasons?

✓ Yes _____ No

**16.B.** Would ManTech have decided to terminate Plaintiff David Lillie's employment anyway, for legitimate, independent reasons?

_____ Yes ✓ No

*If you answered "No" to either Question 16.A or 16.B please proceed to Question 17. If you answered "Yes" to both Questions 16.A and 16.B, please proceed to Question 19.*

**QUESTION NO. 17.**

Did Plaintiff David Lillie establish by a preponderance of the evidence that ManTech's conduct was a substantial factor in causing harm to Plaintiff David Lillie?

✓ Yes    ___ No

*If you answered "Yes" to Question 17, please proceed to Question 18. If you answered "No" to Question 17, please proceed to Question 19.*

**QUESTION NO. 18.**

*If you designated damages in Questions 7 or 12, please proceed to Question 19. If you did not designate any damages in Questions 7 or 12, please answer Question 18.*

What are Plaintiff David Lillie's damages?

| | | | |
|---|---|---|---|
| (a) | Past lost earnings: | $ | 521,983.00 |
| (b) | Future lost earnings: | $ | 339,828.00 |
| (c) | Past emotional distress: | $ | ~~[crossed out]~~ 321,875.00 |
| (d) | Future emotional distress: | $ | ~~[crossed out]~~ 321,875.00 |
| (e) | TOTAL DAMAGES: | $ | ~~[crossed out]~~ 1,505,561.00 |

*Please proceed to Question 19.*

**MITIGATION**

**QUESTION NO. 19.**

*If you designated an amount for damages for Mr. Lillie in Questions 7, 12, or 18, please proceed to Question 19. If you did not designate damages for Mr. Lillie in Questions 7, 12, or 18, please stop here, answer no further questions, and have the presiding juror sign and date this verdict form.*

Did Plaintiff David Lillie exercise reasonable diligence to locate and maintain a suitable job after his employment with ManTech?

✓ Yes    ___ No

9.

## QUESTION 21

**21.A.** Did Plaintiff David Lillie copy ManTech's and its customer's files, which included data from other third parties, while he was employed by ManTech?

__✓__ Yes    ____ No

**21.B.** Did Plaintiff David Lillie copy ManTech's and its customer's files, which included data from other third parties, after he was furloughed but before he was laid off by ManTech?

____ Yes    __✓__ No

1.

*If you answered "No" to Question 19 please proceed to Question 20. If you answered "Yes" to Question 20, please proceed to Question 21.*

[handwritten: QUESTION 19 ?]

**QUESTION NO. 20.**

What amount of money do you find Plaintiff David Lillie did/could have earned had he returned to gainful employment as soon as it was reasonable for him to do so?

$_____.

Subtract this amount from the total amount set out in response to Questions 7, 13, and/or 20 and put the difference here: $_____.

*Please proceed to Question 21.*

## AFTER ACQUIRED EVIDENCE

**QUESTION NO. 21.**

On what date do you find that Mr. Lillie copied ManTech's and its customer's files, which included data from other third parties? [handwritten: unknown (circled)]
_____

*Please proceed to Question 22.*

**QUESTION NO. 22.**

Did Plaintiff David Lillie <u>retain</u> copies of ManTech's and its customer's files, which included data from third parties, for an authorized business purpose of ManTech?

✓ Yes  ____ No

*If you answered "No" to Question 22 please proceed to Question 23. If you answered "Yes" to Question 22, please stop here, answer no further questions, and have the presiding juror sign and date this verdict form.*

10.

**QUESTION NO. 23.**

On what date do you find that ManTech learned of Plaintiff David Lillie's misconduct?

_____.

*Please proceed to Question 24.*

**QUESTION NO. 24.**

Would ManTech have re-employed Mr. Lillie upon learning of Mr. Lillie's copying its files for an unauthorized purpose?

____ Yes     ____ No

*If you answered "No" to Question 24 please proceed to Question 25. If you answered "Yes" to Question 24, please stop here, answer no further questions, and have the presiding juror sign and date this verdict form.*

**QUESTION NO. 25.**

From the damages listed in Questions 7, 12, or 18, what amount of money do you attribute to damages that were incurred by Plaintiff David Lillie after ManTech learned that Mr. Lillie copied its files for an unauthorized purpose?

$_____.

Subtract this amount from the total amount set out in response to Questions 7, 12, or 18 and put the difference here $_____.

**Please have the presiding juror sign and date this verdict form.**

Dated: 2/27/19

Presiding Juror

11.

*WE CANNOT REACH UNANIMITY QUESTIONS -*

## QUESTION 26

Did Plaintiff David Lillie prove by clear and convincing evidence that ManTech engaged in conduct with malice, oppression, or fraud?

   𝄂𝄂𝄂𝄂   Yes        \_\_\_\_   No

*If you answered "Yes" to Question 26 please proceed to Question 27. If you answered "No" to Question 26, please stop here, answer no further questions, and have the presiding juror sign and date this verdict form.*

## QUESTION 27

**27.A.** Did Plaintiff David Lillie prove by clear and convincing evidence that the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of ManTech, who acted on behalf of ManTech?

   \_\_\_\_   Yes        \_\_\_\_   No

*If you answered "Yes" to Question 27.A. please stop here, answer no further questions, and have the presiding juror sign and date this verdict form. If you answered "No" to Question 27.A., please proceed to Question 27.B.*

**27.B.** Did Plaintiff David Lillie prove by clear and convincing evidence that the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of ManTech?

   \_\_\_\_   Yes        \_\_\_\_   No

*If you answered "Yes" to Question 27.B,. please stop here, answer no further questions, and have the presiding juror sign and date this verdict form. If you answered "No" to Question 27.B, please proceed to Question 27.C.*

**27.C.** Did Plaintiff David Lillie prove by clear and convincing evidence that one or more officers, directors, or managing agents of ManTech knew of the conduct

1.

constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred?

_____ Yes       _____ No

*Please have the presiding juror sign and date the verdict form.*