JAN T. AUNE (SBN 236604)
jaune@aunelaw.com
**THE LAW OFFICE OF JAN T. AUNE**
444 East Huntington Dr., Ste. 325
Arcadia, CA 91006
Tel.: (626) 461-5742
Fax: (626) 226-5677

Attorney for Plaintiff
DAVID LILLIE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LILLIE, an individual<br><br>   *Plaintiff*,<br><br>  v.<br><br>MANTECH INT'L., CORP., a Delaware corporation dba, and DOES 1 through 20,<br><br>   *Defendants*. | Case No. 2:17-cv-02538 CAS (SSx)<br><br>**PLAINTIFF DAVID LILLIE'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR ATTORNEY'S FEES**<br><br>Date:  June 17, 2019<br>Time:  10:0 a.m.<br>Courtroom: 8D<br><br>FAC Filed: June 16, 2017<br><br>Trial Date: February 12, 2019 |

///

///

///

- 1 -

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff has a right to statutory attorney's fees under all three (3) causes of action in the First Amended Complaint ("FAC") and which were tried to a jury. Plaintiff has a right to attorney's fees under (1) "whistleblower protection" provision of the Federal False Claims Act, 31 U.S.C. § 3230(h) ("FCA"); "whistleblower protection" provision of the National Defense Authorization Act, 10 U.S.C. § 2409 ("DCWPA"); the "whistleblower protection" provision under California Labor Code Section 1102.5 ("Lab. C. Section 1102.5").

On February 28, 2019, the jury returned a verdict in Plaintiff's favor. The found for jury awarded Plaintiff $1,505,561.00. Plaintiff was clearly the prevailing party in this matter in that he was successful on all three causes of action and was awarded $1,505,561.00 by the jury.

Please note that both Plaintiff's current counsel of record, Jan T. Aune, and Plaintiff's previous counsel Esperanza Cervantes Anderson, are both filing declarations and billing records as part of this Motion for Attorney's Fees ("Motion"). The Declaration of Esperanza Cervantes Anderson ("Anderson") is attached as Exh. F of the Declaration of Jan T. Aune ( Declaration of Jan T. Aune, "Aune Decl.", ¶ 11 , Exh. F).

## II. PLAINTIFF HAS A RIGHT TO ATTORNEY'S FEES FOR ALL THREE CAUSES OF ACTION BASED UPON STATUTE AN BECAUSE PLAINTIFF WAS THE PREVAILING PARTY AT TRIAL

Plaintiff has a right to statutory attorney's fees under all three (3) causes of action in the FAC and which were tried to a jury. Plaintiff has a right to attorney's fees under (1) "whistleblower protection" provision of the Federal FCA; "whistleblower protection" provision of the DCWPA; and the "whistleblower protection" provision under 5 ("Lab. C. Section 1102.5").

Plaintiff has a right to attorney's fees for his FCA claim. 31 U.S.C. Section 3730(h)(2) mandates that "[r]elief under paragraph (1) shall include reinstatement with the same seniority status that employee, contractor, or agent would have had but for the discrimination, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs <u>*and reasonable attorneys' fees*</u>. *(Emphasis added).*

Plaintiff has a right to attorney's fees for his DWCPA claim as set out in 10 U.S.C. Section 2409.

Plaintiff has a right to attorney's fees for his Lab. C. Section 1102.5 claim. Lab. C. Section 1102.5 "…allows for the imposition of punitive damages, attorney's fees and costs…" <u>Clemens v. Prot. One, Inc.</u>, No. CIV09CV1424L (CAB), 2010 WL 1445173, at 3 (S.D. Cal. Apr. 12, 2010).

In addition, Plaintiff was clearly the prevailing party in this matter in that he was successful on all three causes of action and was awarded $1,505,561.00 by the jury.

### III. **THIS COURT SHOULD USE THE LODESTAR METHOD TO CALCULATE PLAINTIFF'S ATTORNEY'S FEES**

When determining the amount of an attorney's fee award, this Court should use the lodestar method. The U.S. Supreme Court in <u>City of Burlington v. Dague</u>, 505 U.S. 557, 562, 112 S. Ct. 2638, 2641, 120 L. Ed. 2d 449 (1992) held that:

> "[t]he "lodestar" figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a "strong presumption" that the lodestar represents the "reasonable" fee, *Delaware Valley I, supra,* 478 U.S., at 565, 106 S.Ct., at 3098, and have placed upon the fee applicant who seeks more than that the burden of showing that "such an adjustment is *necessary* to the determination of a reasonable fee."

As a result, Plaintiff requests that the lodestar method be used to is calculate Plaintiff's attorney's fees.

- 3 -

## IV. THIS COURT SHOULD DETERMINE THE HOURS SPENT BY PLAINTIFF'S ATTORNEYS IN THIS MATTER

To determine the lodestar, the Court should start by determining the hours reasonably spent by Plaintiff's attorneys. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983).

In this case, Plaintiff's counsel kept detailed records of his hours. (Aune Decl., ¶ 7, Ex. E) Attached to Mr. Aune's declaration are detailed records of the time spent prosecuting this case to its successful conclusion. Mrs. Anderson also provided billing records. (Aune Decl., Ex. F; Anderson Decl.).

The number of hours reasonably expended on a matter includes time spent drafting and revising pleadings, meeting with clients, preparing the case for trial and handling an appeal, if an appeal is necessary. Hensley v. Eckerhart, 461 U.S. 424, 430, 103 S. Ct. 1933, 1938, 76 L. Ed. 2d 40 (1983). Plaintiff's counsel Aune expended a reasonable number of hours drafting and revising pleading, meeting with the client, preparing for and attending two (2) mediation sessions, successfully opposing ManTech's motion for summary judgment preparing for trial, and trying the case to a successful verdict in the amount of $1,505,561.00, and as a result Plaintiff was the prevailing party.

Considering the legal issues in this case the amount of time spent is appropriate. Below are some of the legal issues in this matter and the work performed by Plaintiff's counsel Aune:

- All work filed on behalf of the Plaintiff on the Court's Docket in this matter, from December 14, 2017 until the present was performed by Mr. Aune. (Aune Decl., ¶ 18).

- 4 -

- Mr. Aune litigated this case and took it through a jury trial to a successful verdict. (Aune Decl., ¶ 19). The case involved complex issues involving the FCA, the DCWPA, and Lab. C. 1102.5 whistleblower retaliation. (Aune Decl., ¶ 19).
- Mr. Aune met with the Plaintiff in person throughout the litigation process and for trial and as a result a had a significant amount of contact with the Plaintiff during the case. Mr. Aune also communicated with the Plaintiff by phone and email. (Aune Decl., ¶ 20).
- This case involved a Plaintiff who worked as a contractor for California Institute of Technology Jet Propulsion Laboratory ("JPL") through his employer ManTech. The case involved Plaintiff having to conduct discovery with two different entities who Plaintiff performed work through. (Aune Decl., ¶ 21).
- Mr. Aune completed discovery for the Plaintiff, both propounding and responding to discovery. Mr. Aune took and defended all depositions on behalf of the Plaintiff. (Aune Decl., ¶ 22).
- Plaintiff's discovery with JPL was contentious. JPL refused to produce responses to Plaintiff's subpoenas for production of business records which resulted in an extensive meet and confer process. JPL raised privilege issues related to its work in the space industry and JPL refused to produce and documents after approximately three months of meeting an conferring. (Aune Decl., ¶ 23).
- Mr. Aune prepared for and attended two mediations session in this matter with Mediator Daniel Ben-Zvi of ADR Services. The second mediation session lasted approximately nine (9) hours. Mr. Aune advance the costs for the second mediation which for Plaintiff's share was approximately $3,250.00. (Aune Decl., ¶ 24).
- Mr. Aune opposed law and motion against law firms for both ManTech and JPL. Mr. Aune successfully opposed ManTech's motion for

summary judgment. (Dkt. 80). (Aune Decl., ¶ 25).

- Mr. Aune successfully opposed motions in limine filed by ManTech, in full or in part, for the trial in this matter. (Dkt. 107). (Aune Decl., ¶ 26).
- Mr. Aune prepared the following as part of the jury trial process: (1) memorandum of contentions of law and fact; (2) oppositions to motions in limine; (3) exhibit list; (4) witness list; (5) jury instructions, (6) voir dire questions; and (7) proposed pretrial conference order. (Aune Decl., ¶ 27).
- Mr. Aune opposed JPL's motion to quash trial subpoenas for JPL employees Plaintiff subpoenaed to testify at trial. (Dkt. 139). (Aune Decl., ¶ 28).
- Mr. Aune prepared witnesses for trial and prepared to question ManTech's witnesses. (Aune Decl., ¶ 29).
- Mr. Aune conducted Plaintiff's jury trial where Plaintiff proved his case to the jury, in large part, by demonstrating that neither ManTech and/or JPL could provide Plaintiff with information that he had a right to use the MathCAD files. This required extensive preparation for trial in order to question ManTech and JPL's witnesses. (Aune Decl., ¶ 30).
- Mr. Aune prepared for and conducted voir dire for the trial. (Aune Decl., ¶ 31).
- The trial took approximately 2 weeks. Mr. Aune worked into the night and the early morning, fine-tuning the next day's examinations. (Aune Decl., ¶ 32).
- The case was also complicated during jury deliberations with an Allen instruction being provided to the jury regarding it deliberations for punitive damages. This issue required Mr. Aune to perform extensive research regarding this issue. (Aune Decl., ¶ 33).
- Mr. Aune obtained a jury verdict for the Plaintiff's counsel obtained a jury verdict in the amount of $1,505,561.00 all three of Plaintiff's causes of action. (Aune Decl., ¶ 34).

|   |   |
|---|---|
| 1 | Plaintiff's counsel in this matter, Jan T. Aune in this matter worked |
| 2 | diligently, spending the following amount of time: |
| 3 | Jan T. Aune                                                       792.70. |
| 4 | Please Aune Decl., ¶¶ to XX regarding additional billing. |
| 5 | Esperanza Cervantes Anderson                   147.50 hours sought. |
| 6 | Please see Aune Decl., Ex. F |

## V. THIS COURT SHOULD THEN DETERMINE THE HOURLY RATES FOR THE ATTORNEYS INVOLVED

The next step in the lodestar calculation is to determine "the hourly prevailing rate for private attorneys in the community conducting noncontingent litigation of the same type. The Rutter Group advised the following regarding the factors a court usually consider in determine the reasonable rate for the attorney's services. (Jones et al, Cal. Practice Guide: Federal Civil Trials and Evidence (The Rutter Group 2019) 19:319).

> "On the issue of a reasonable rate for the attorney's services, courts usually consider:
>
> • — the prevailing rate charged by attorneys of similar skill and experience for comparable legal services in the community;
>
> • — the nature of the work performed; and
>
> • — the attorney's customary fee. [Kerr v. Screen Extras Guild, Inc. (9th Cir. 1975) 526 F2d 67, 69; Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc. (11th Cir. 2001) 253 F3d 1332, 1337—agreed-upon billing rate is strong indication of reasonable rate; Yahoo!, Inc. v. Net Games, Inc. (ND CA 2004) 329 F.Supp.2d 1179, 1183—"reasonably competent counsel bill at a reasonable hourly rate based on the local legal community as a whole"]."

Thus, the Court should determine the hourly rate typically charged by attorneys in the Los Angeles area for plaintiff's employment law work.

Attorney Jan T. Aune has submitted his own declaration with is billing

- 7 -

records. (Aune Decl, Ex. E.) Mr. Aune's hour rate of $350.00 is the prevailing rate of attorneys of similar skill and experience. (Aune Decl., ¶¶ 15, 16). Mr. Aune's rate of $350.00 per hour is well within the established range of Los Angeles plaintiff's attorneys practicing employment law. In fact, that Court may find that Mr. Aune's fee is in fact less than the of the prevailing rate charged by attorneys of similar skill and experience for comparable legal services in the community. Mrs. Anderson also submitted a declaration regarding her billing rates. (Aune Decl., Ex. E).

## VI. THE COURT SHOULD MULTIPLY THE HOURS BY THE HOURLY RATE TO OBTAIN THE LODESTAR

Multiplying the hours spent by the hourly rates, the Court can calculate the lodestar:

|  | Hours Spent | Hourly Rate | Total |
|---|---|---|---|
| Jan T. Aune | 792.70 | $350.00 | $277,445.00 |
| Esperanza Cervantes Anderson |  |  | 92,187.50 |

(Please see the Anderson Decl. regarding her requested fees).

**LODESTAR:** $369,632.00

///
///
///

- 8 -

## VIII. CONCLUSION

Therefore, this Court should award the following in attorney's fees, pursuant to Federal False Claims Act, 31 U.S.C. § 3230(h); the National Defense Authorization Act, 10 U.S.C. § 2409; the "whistleblower protection" provision under California Labor Code Section 1102.5:

(1) $277,445.00 to Mr. Aune, plus any additional hours expended in this matter subject to the Court's approval.

(2) $92,187.50 to Esperanza Cervantes Anderson as requested by her in the Declaration of Esperanza Cervantes Anderson.

Date: May 6, 2019                THE LAW OFFICE OF JAN T. AUNE

BY: /s/ Jan T. Aune
JAN T. AUNE
Attorney for Plaintiff
DAVID LILLIE