UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-CV-02538-CAS-SSx | Date | May 8, 2020 |
| Title | LILLIE v. MANTECH INT'L CORP. | | |

Present: The Honorable    **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Not Present      Not Present

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION TO RETAX COSTS (ECF No. 250, filed April 17, 2020)

## I. INTRODUCTION & BACKGROUND

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. Proc. 78; C.D. Cal. L.R. 7-15.

After a jury trial, the Court granted judgment as a matter of law to defendant ManTech International Corporation ("ManTech") on July 26, 2019. See ECF No. 212. As the prevailing party entitled to its costs pursuant to Federal Rule of Civil Procedure 54(d), ManTech filed an Application to the Clerk to Tax Costs, requesting $21,315.31. See ECF No. 215 ("App."). Plaintiff David Lillie did not oppose the application. On April 10, 2020, the clerk of court awarded ManTech costs in the amount of $14,356.59. See ECF No. 249. The award included all of the costs ManTech requested, except for $6,958.72 that pertained to transcripts of court proceedings. Id.

Lillie filed the instant motion to retax costs pursuant to Federal Rule of Civil Procedure 54(d)(1) on April 17, 2020. See ECF No. 250 ("Mot."). ManTech filed an opposition on April 27, 2020. See ECF No. 255 ("Opp."). Lillie filed a reply on May 4, 2020. See ECF No. 256 ("Reply").

Having considered the parties arguments and submissions in support thereof, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-CV-02538-CAS-SSx | Date | May 8, 2020 |
| Title | LILLIE v. MANTECH INT'L CORP. | | |

## II. LEGAL STANDARD

Rule 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. Proc. 54(d)(1). Courts have discretion to award costs pursuant to Rule 54(d). Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 176 (9th Cir. 1990). A federal court may only tax costs under Rule 54(d) if they are among the types of costs enumerated in 28 U.S.C. § 1920. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441–42 (1987). Section 1920 permits a judge or clerk to tax the following costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title; and
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

In the Central District of California, after the clerk of court enters an order taxing costs, Local Rule 54-2.5 allows a party to "serv[e] a motion to retax costs within seven (7) days of the Clerk's decision," but the review on a motion to retax costs is "limited to the record made before the Clerk and encompasses only those items specifically identified in the motion." See C.D. Cal. L.R. 54-2.5.

## III. DISCUSSION

Lillie moves to reduce ManTech's awarded costs by an additional 50% because it contends that ManTech "overreach[ed]" by requesting the stricken court transcript costs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:17-CV-02538-CAS-SSx | Date | May 8, 2020 |
| Title | LILLIE v. MANTECH INT'L CORP. | | |

that that ManTech "knew or should have known" were not awardable. See Mot. at 2. ManTech responds that Lillie's motion is untimely, that its request for the subsequently-stricken transcript costs was not "overreaching," and that there is no basis, in any case, to effectively sanction ManTech for making the now-stricken request. See Opp. at 2-7.

The Court agrees with Lillie that his motion was not untimely since it was filed with 7 days of the clerk's order on April 10, 2020. Local Rule 54-2.5 only limits the Court's review "to the record" before the clerk, which includes ManTech's request for the stricken transcript costs. It does not require Lillie to have opposed that order before the clerk to reserve his rights to file this motion.

However, the Court agrees with ManTech that a further reduction to its awarded costs is not warranted. ManTech's request to tax the now-stricken transcript costs was not unreasonable, and did not show bad faith or amount to misconduct. Although a transcript is ordinarily not taxable unless "it is approved by the Court or stipulated by counsel" to be recoverable, C.D. Cal. L.R. 54-3.4, the "lack of prior approval" does not prevent a prevailing party from attempting to tax such costs "if the case is complex and the transcripts proved invaluable to both the counsel and the court." Dowd v. City of Los Angeles, 28 F. Supp. 3d 1019, 1049 (C.D. Cal. 2014) (quoting Manildra Milling Corp. v. Ogilvie Mills, Inc., 76 F.3d 1178, 1184 (Fed. Cir. 1996)). In light of this rule, ManTech's request to tax the now-stricken transcript costs cannot be said to have been made in bad faith, even though it had not obtained prior approval to request them, and even though the clerk of court ultimately denied the request.

The absence of bad faith or other misconduct is dispositive. To the extent the Court has discretion under Rule 54(d)(1) to further reduce ManTech's cost award because it "overreach[ed]" in its request to the clerk, the only cases Lillie cites—two cases decided 24 and 25 years ago by the same judge in the Northern District of Illinois—involved prevailing parties that "overreach[ed]" by making bad faith cost requests without a "colorable" basis to support their requests. See Nochowitz v. Ernst & Young, 864 F. Supp. 59, 60-61 (N.D. Ill. 1994); Jansen v. Packaging Corp. of Am., 898 F. Supp. 625, 630 (N.D. Ill. 1995). In both cases, the court applied the additional reduction as a penalty. See Nochowitz, 864 F. Supp. at 61 (reducing cost award by 50% "as a disincentive to the conduct"); Jansen, 898 F. Supp. at 629 (applying the additional reduction "for misconduct worthy of a penalty") (internal citation and marks omitted). Because ManTech's request was defensible under Dowd, no such penalty is warranted here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-CV-02538-CAS-SSx | Date | May 8, 2020 |
| Title | LILLIE v. MANTECH INT'L CORP. | | |

## IV. CONCLUSION

In accordance with the foregoing, Lillie's motion to retax costs by an additional 50% is **DENIED.**

IT IS SO ORDERED.

                                                                                                                       00 : 00

Initials of Preparer                CMJ