FILED

**NOT FOR PUBLICATION**

DEC 2 2020

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID LILLIE, | No.   19-55891 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:17-cv-02538-CAS-SS |
| MANTECH INT'L CORP., a Delaware Corporation, | MEMORANDUM* |
| Defendant-Appellee, | |
| v. | |
| CALIFORNIA INSTITUTE OF TECHNOLOGY; et al., | |
| Movants. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted October 9, 2020
Pasadena, California

Before:  KLEINFELD, HURWITZ, and BUMATAY, Circuit Judges.

---

*This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

David Lillie appeals the district court's grant of judgment as a matter of law in favor of ManTech International Corporation on his retaliation claims under the False Claims Act, Defense Contractor Whistleblower Protection Act, and California Labor Code.

We review the district court's grant of judgment as a matter of law de novo. *Dees v. Cty. of San Diego*, 960 F.3d 1145, 1151 (9th Cir. 2020). Under Rule 50, a district court may grant judgment as a matter of law against a party if the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for that party. Fed. R. Civ. P. 50(a)(1). Judgment as a matter of law may be granted if the evidence "permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Wallace v. City of San Diego*, 479 F.3d 616, 624 (9th Cir. 2007).

1. Lillie argues that ManTech's motions for judgment as a matter of law, both before and after the jury returned its verdict, were improperly filed because they did not sufficiently specify the deficiencies in Lillie's trial evidence. Because Lillie did not object on this basis before the trial court, we decline to consider this

argument.  *See C.B. v. City of Sonora*, 769 F.3d 1005, 1022 n.12 (9th Cir. 2014)

(citing *Graves v. City of Coeur D'Alene*, 339 F.3d 828, 838–39 (9th Cir. 2003),

*abrogation on other grounds recognized in OTR Wheel Eng'g, Inc. v. W.*

*Worldwide Servs., Inc.*, 897 F.3d 1008, 1016 (9th Cir. 2018)).


     2.  Section 3730(h) of the False Claims Act protects an employee from being

"discharged, demoted, suspended, threatened, harassed, or in any other manner

discriminated against in the terms and conditions of employment" in retaliation for

attempting to stop one or more violations of the False Claims Act.  31 U.S.C. §

3730(h)(1).  To succeed on a False Claims Act retaliation claim, the plaintiff must

show that (1) he engaged in conduct protected under the False Claims Act; (2) his

employer knew that he engaged in protected conduct; and (3) his employer

discriminated against him because of his protected conduct.  *United States ex rel.*

*Campie v. Gilead Scis., Inc.*, 862 F.3d 890, 907 (9th Cir. 2017).  To prove that he

engaged in conduct protected under the False Claims Act, the plaintiff must show

that he investigated his employer on the basis of a reasonable and good faith belief

that his employer might have been committing fraud against the government.  *Id.* at

908 (citing *Moore v. Cal. Inst. of Tech. Jet Propulsion Lab.*, 275 F.3d 838, 845–46

(9th Cir. 2002)).  A fraud against the government is (1) a false statement or

fraudulent course of conduct, (2) made with scienter, (3) that is material, and (4)

that causes the government to pay out money or to forfeit money that it is due.

*United States ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1174 (9th Cir.

2006).

Lillie provided no evidence that he believed, or that it would have been

reasonable for him to believe, that his use of the MathCad files, or his supervisor's

request to delete references to the files from the interoffice memorandum, might

cause the government to pay out money or to forfeit money that it was due.  The

evidence at trial showed that ManTech was paid on its contract with the Jet

Propulsion Laboratory based on the number of hours that its employees worked.

Nothing in the trial record indicates that Lillie reasonably believed that the conduct

he complained of might increase the number of employee hours that ManTech

submitted for payment, or might otherwise cause the government to pay out more

money.  The jury therefore lacked a legally sufficient basis to find for Lillie on this

claim, and judgment as a matter of law was appropriate.

4

3.   The Defense Contractor Whistleblower Protection Act protects employees of government contractors or subcontractors from discrimination "as a reprisal for disclosing . . . information that the employee reasonably believes is evidence of . . . [g]ross mismanagement of a [NASA] contract, a gross waste of [NASA] funds, an abuse of authority relating to [a NASA] contract or grant, or a violation of law, rule, or regulation related to [a NASA] contract."  10 U.S.C. § 2409(a)(1)(B).  The statute defines "abuse of authority" as "[a]n arbitrary and capricious exercise of authority that is inconsistent with the mission of [NASA] or the successful performance of [a NASA] contract or grant."  *Id.* § 2409(g)(6)(B).

Lillie did not identify in his opening brief which of his activities were protected under the Defense Contractor Whistleblower Protection Act.  Nowhere did he explain how ManTech's actions could be reasonably viewed as constituting gross mismanagement, a gross waste of NASA funds, an abuse of authority, or a violation of a law, rule, or regulation.  When ManTech discussed the specific requirements of the statute in its answering brief, it did so "without the benefit of anything to argue against" and was therefore forced to speculate, addressing arguments that Lillie might have made had he briefed the issue.  *See Brown v. Rawson-Neal Psychiatric Hosp.*, 840 F.3d 1146, 1149 (9th Cir. 2016).  We do not

consider arguments not specifically and distinctly argued by a party in its opening brief.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999); *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994) (citing *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986)).  Nor will we manufacture arguments on the petitioner's behalf.  *See Greenwood*, 28 F.3d at 977.  We therefore affirm the district court's judgment on the Defense Contractor Whistleblower Protection Act claim.

4.   Similarly, Lillie forfeited any argument that ManTech retaliated against him in violation of California Labor Code § 1102.5(b).  California law provides that an employer may not retaliate against an employee for disclosing information that the employee has reasonable cause to believe discloses "a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation."   Cal. Labor Code § 1102.5(b).  Lillie's opening brief failed to specify any statute, rule, or regulation to which his disclosure related.[1]

---

[1] Because we affirm the district court on all claims, we dismiss as moot Lillie's appeal of his motions for back pay and attorney's fees.

6

**AFFIRMED**.